# Crowell's Appeal.

Waste is not a subject matter of inquiry of which the orphan's court can take cognizance.

Where by will the profits of land are bequeathed to a widow and children for their support, until it be sold, it is the duty of the guardian of those children to see to the application of such proceeds ; but where there is no proof that they were wasted or mismanaged, or what they amounted to, the orphan's court will not charge the guardian upon the settlement of his account with any part of the same.

Transactions between a guardian and his ward during his minority are alone the subjects of settlement in a guardianship account : goods sold and delivered to the ward after he arrived at full age, are not the subjects of credit ; but can only be recovered by a set-off against the balance on settlement of the account.

APPEAL from the decree of the orphan's court of *Cumberland* county.

The court in their opinion state all the facts which are necessary to a full understanding of the principles determined in the case.

*Alexander,* for appellant.
*Carothers,* contra.

The opinion of the Court was delivered by
ROGERS, J.—This is an appeal from the guardianship account of

[Crowell's Appeal.]

William M'Canallish, who was the guardian of Mary Lecky, now Mary Crowell, a minor daughter of Alexander Lecky. The account was presented to the orphan's court of Cumberland county, for confirmation. Exceptions were filed to the account, whereupon the court, by consent of parties, appointed auditors to hear and decide upon the exceptions. The auditors made a report; which the court confirmed. Crowell and wife appealed from the decree, and have filed the same exceptions as below, all of which have not been insisted upon on the argument, and some have been but feebly pressed. The material parts will be noticed in the course of the opinion.

It is said by the appellant, that the accountant should be charged not only with reasonable rents of real estate, but that he ought to be held liable for the great damage which the estate sustained from his neglect. Alexander Lecky, the father of Mary Crowell, after having given several legacies, empowers his executors to sell and convey his land to pay the legacies. He also wills, that his wife and six daughters should receive the profits of the land until it should be sold. The executors attempted to sell, and at one time effected a sale; but the purchaser, at the solicitation of the friends of the family, was induced to relinquish the purchase. Under the circumstances, the orphan's court were of the opinion that the accountant should not be charged with any injury which the estate may have received from neglect. That it was more particularly the duty of the executor to attend to the estate, than the guardian. And in this opinion we concur. We also think, that waste is not the subject matter of inquiry in the orphan's court. And if it were, no evidence has been given of the amount of the injury which the estate has sustained. The evidence is vague and uncertain, and not such as to furnish any data on which we could undertake to make a decree. This exception is overruled.

The appellant also urges, that the accountants should have charged themselves with the profits of the land, whether received by the executor or the guardian himself. By the will, the profits are given to the widow and children for their support, and if any profits were made, they should have been received and applied as directed in the will. It was the duty of the guardian to see to the application, so far as his ward was concerned. But as to this also, we have no testimony. There is nothing showing whether profits have been made. It is probable that some were made, but the amount of them has not been shown, nor the manner of their application. Whether they were paid by the executors directly to the widow and children, for their support, or not, we are left entirely in the dark. This exception is also overruled.

The sixth exception is for allowing for goods after the ward was of full age.

It is of some importance in the settlement of the accounts of guardians, that nothing should enter into the account except what properly belongs to it. The less complex such accounts are, the better;

and nothing seems to confuse them more than an intermixture of accounts which pertain to another relation.　The guardian himself can be examined in regard to his account, in his trust character; but this could not be permitted as to transactions which take place after the minor attains full age.　The relation changes from guardian and ward to debtor and creditor.　Nor can any evil result from this; for any advances which a guardian may make to his former ward will be a set-off against the balance in his hands.　The form is changed, but the substance remains.

The court decrees, that the decree of the orphan's court should be confirmed, after striking from the account every item of charge or discharge which accrued after the minor attained full age.