| 8w  | 181 |
|-----|-----|
| 223 | 309 |

## Eichelberger *against* Smyser.

An action of debt upon a judgment is not supported by a decree of the Supreme Court, upon an appeal from the orphans' court, settling a guardianship account. It is not such a judgment as will support an action of debt.

On the plea of *nul tiel* record, in an action on a judgment, a variance as to amount, betwixt the judgment produced, and the judgment laid, is fatal.

ERROR to the common pleas of *York* county.

George Eichelberger against Jacob Smyser. This was an action of debt, in which the plaintiff declared as follows:

" The plaintiff complains against the defendant of a plea that he render him eight hundred and fifty dollars and ninety-six cents, which to him he owes and unjustly detains. For that heretofore, to wit, in the term of June, in the year 1835, in the Supreme Court of the commonwealth of Pennsylvania, by the consideration of said court, the plaintiff recovered against the defendant the aforesaid sum of money as by the record of said court, remaining in said court, manifestly appears, which said recovery remains in full force and unsatisfied. Yet the defendant, though often requested, hath not as yet paid the aforesaid money, or any part thereof, but to pay the same hath hitherto refused, and still doth refuse, to the damage of the plaintiff one thousand dollars."

The defendant pleaded *nul tiel* record and payment, replication *non solvit.* Issue.

To maintain his action, the plaintiff gave in evidence the account of the defendant as guardian of the plaintiff, settled by a decree of the orphans' court, and an appeal to the Supreme Court, and the decree of that court as follows: " Decree of the orphans' court reversed, so far as relates to items 2, 4, 5, 7 and 8, which are ordered to be stricken out of the account, and decree confirmed as to the residue." It did not appear that any further action of the orphans' court was had on the subject, before this action was brought.

The cause was tried in the court below, and a verdict rendered for the plaintiff for 850 dollars 96 cents, with interest from the date of the decree.

On the argument of a motion for a new trial, the court below granted it, and entered judgment for the defendant on the plea of *nul tiel* record.

Errors assigned:

1. In rendering judgment on the plea of *nul tiel* record for the defendant.

VIII.—Q*

[Eichelberger v. Smyser.]

2. The jury having found a verdict for the plaintiff, the court, on the argument of a rule to show cause why a new trial should not be granted, ordered a new trial, and rendered judgment for the defendant, on the plea of *nul tiel* record.

3. The court erred in rendering judgment on the plea of *nul tiel* record, before the cause was at issue on that plea.

4. The court erred in rendering judgment on the plea of *nul tiel* record, without giving the defendant in error a day to bring in the record.

*Fisher*, for plaintiff in error, cited 4 *Watts* 84; act of the 29th of March 1832, *Str. Purd.* 759; act of the 16th of June 1836, sect. 11; *Salk. Rep.* 23.

*Mayer* and *Evans*, contra, cited 11 *Serg. & Rawle* 255; 6 *Serg. & Rawle* 464; 2 *Strange* 1171; 1 *Wash. C. C.* 330; 9 *Johns.* 287.

The opinion of the Court was delivered by

ROGERS, J.—This is an action of debt, in which the plaintiff declares for the sum of eight hundred and fifty dollars and ninety-six cents. For that in the supreme court, &c. by the consideration of the said court, the plaintiff recovered against the defendant the sum of eight hundred and fifty dollars and ninety-six cents, &c.

The defendant pleads *nul tiel* record, *nil debet* and payment, and, on the trial, the plaintiff recovered nine hundred and sixty-nine dollars and two cents.

The defendant moved the court for a new trial, and on the 7th of May 1839, the court awarded that a new trial be granted, and that there be judgment for the defendant on the plea of *nul tiel* record.

The plea of *nul tiel* record goes to the whole of the plaintiff's declaration; the judgment, therefore, in that plea is a judgment in chief which puts an end to the action. The award of a new trial is clearly an error, as there is nothing to try, and it would be without precedent to make such an order, to give the plaintiff an opportunity to alter his whole cause of action.

On the argument, the plaintiff brought into court the record of a decree of the supreme court, on an appeal from the orphans' court of York county, on the account of Jacob Smyser, guardian of George F. Eichelberger, the plaintiff. The court entry on that record was, that the decree of the orphans' court be reversed, so far as relates to items 2, 4, 5, 7 and 8, which are ordered to be stricken out of the account, and the decree confirmed as to the residue. This, although apparently a loose proceeding, is nevertheless the usual manner in which such decrees are made. Nor is this course productive of any inconvenience, as the record is remitted to the orphans' court, who make the alteration in conformity to the opinion of the supreme court, and carry the decree of the court·

into effect, by attachment and sequestration; or, when that course is not advisable, the decree may be enforced by an action of debt or *assumpsit*, in the common law courts. For the latter case, the record in the orphans' court is evidence of the debt, and conclusive as to the subject matter of the decree. By the act of the 29th of March 1832, the orphans' court is declared to be a court of record, with all the qualities and incidents of a court of record at common law. Matters within their jurisdiction cannot be reversed or avoided collaterally, but only on an appeal to the supreme court. But although the act gives this conclusive effect to the decree of the orphans' court, yet it was not supposed to change the nature of the decree into a judgment, *quod recuperet*, which seems to have been the impression of the plaintiff's counsel. In that respect it remains as before the passage of the act, as was held in Ramsay's Appeal, 4 *Watts* 71. In that case it is decided that a transcript of a balance found in the hands of an executor or administrator, upon the settlement of his account, filed in the common pleas, is not a judgment. Although such balances, when certified transcripts are filed in the court of common pleas, are liens on the real estate of the executor, &c., yet the act makes the balance a lien without any intention on the part of the legislature to alter the character of the debt in other respects. For this reason it was decided that they were not entitled to come on the personal assets of the deceased, as judgment, but as simple contract, creditors. The act of 1832 provides that actions of debt, or a *scire facias*, may be instituted in the court of common pleas, to recover such balances, but it is nowhere said that such action shall lie, when no lien has been created, by filing the transcript of the balance in that court. If the transcript has not the qualities of a judgment, it would seem to follow that the decree, from which the transcript was taken, cannot be so considered. It was because the decree was a simple contract, creating no lien on the estate of the accountant, that the legislature, for remedy thereof, passed the act of 1832. Ramsay's Appeal was the case of an administrator, but in this respect no difference is perceived between the account of an administrator and a guardian. A decree of the orphans' court, on the account of a guardian, is conclusive on both parties up to the time the ward attains the age of twenty-one. Crowell's Appeal, 2 *Watts* 295.

Payments made by the guardian would be a defence to a suit to enforce the decree, although every previous transaction between the parties would be concluded by the decree. By the 11th section of the act of the 29th of March 1832, compliance with an order or decree of the orphans' court may be enforced by attachment or sequestration, or in case of a decree for the payment of money against a party who has appeared, the complainant may have a writ of execution, in the nature of a writ of *scire facias*. Besides, as has been before intimated, the party may have redress by action of debt, or *assumpsit*, in which the decree is but inducement, or

evidence of the debt; but we can perceive no colour for the idea that the decree may be declared on as a judgment of the court. In the case at bar, no specific sum was ascertained by the court before the commencement of the suit. This is a practice not to be commended, although I am not prepared to say that, if this were the only objection, we would, for this reason alone, reverse the judgment. As it depends on calculation only, we might apply the maxim *id certum est quod certum reddi potest.* We would, however, recommend that hereafter, the decree should be put into form before suit brought, or before application for any of the remedies given by the act. But in the case at bar, the plea of *nul tiel* record is not only sustained on the principle indicated, but also because the amount declared on and the record do not agree. The case of Coy *v.* Hyman, 2 *Strange* 1171, shows the strictness of the court, as to a variance. The plaintiff obtained judgment for 388 pounds 1 penny. In debt thereon, he described it as a judgment for 388 pounds only, omitting the penny; the defendant pleaded *nul tiel* record, and on issue joined, insisted on the variance. This the court held to be fatal, nor would they allow the plaintiff to amend, by entering a *remittitur* of the penny. Here, on no principle of calculation, can the amount decreed be made to correspond with the calculation.

Judgment for defendant.