## REYNOLDS *v.* LOWRY.

A *scire facias* is not necessary prior to issuing execution upon a judgment confessed by warrant of attorney; hence, where a retiring partner took a bond from the other partners, conditioned to pay all the debts of the late firm and to indemnify him therefrom, and also conditioned that, on their failure to indemnify, the obligee should be at liberty so often as he should have occasion to pay, or became liable for any of the debts of the late firm, to file a statement thereof and issue execution. The obligee having incurred liability by suit, &c., filed a statement thereof, and issued execution for the same, on the judgment; the execution was held to have been regularly issued.

*Sept.* 29. This case came up upon the refusal of the court below to set aside an execution, on the application of the defendants therein, who alleged that it had issued irregularly. The facts of the case were these: Edward A. Reynolds, Morrow B. Lowry, and Simeon D. Reynolds, were partners in business under the firm of Reynolds, Lowry, & Co.; and Morrow B. Lowry, one of the partners, being desirous of withdrawing from the firm, an arrangement was made, under and by which it was agreed, that Edward A. Reynolds and Simeon D. Reynolds, the two other partners, should pay the debts of the firm, and indemnify Morrow B. Lowry against any loss or injury for, or by reason of, the same. In pursuance of this arrangement, Edward A. Reynolds and Simeon D. Reynolds gave a bond in the penal sum of $8000, with condition of indemnity, and warrant of attorney to confess judgment, &c., dated the 7th day of May, 1846.

The bond contained the condition that the obligors should pay all the debts of the late firm, and indemnify the obligee against any loss or injury for, or by reason of, the same; and also the following agreement: "That, on the failure of the obligors to indemnify the obligee as aforesaid, he shall be at liberty, as often as he shall have occasion to pay, *or become liable to pay any of the debts aforesaid,* to file *a statement* of the same with the record of the judgment, &c., and thereupon to issue execution, or executions, to collect the amount thereof."

On the 14th day of May, 1846, judgment on the bond was regularly confessed and entered of record in the Court of Common Pleas of Crawford county; and from thence it was regularly transferred, on the 15th of the same month, under the provisions of the act of the 16th of April, 1840, to the Court of Common Pleas of Venango county. On the failure of the defendants to comply with the condition of the bond, the plaintiffs, after waiting until he incurred liabilities on account of the debts of the late firm, filed of record, with the judgment, a statement of the said liabilities,

as was contemplated by the condition of the bond, and thereupon issued execution on the 26th day of August, 1846. The court, on application by the defendants without affidavit, refused to set aside the execution; whereupon the defendants took this writ of error, and assigned as error here, that the execution ought not to have issued without a *scire facias*, or a certificate, filed in conformity with the condition of the bond.

*Farrelly*, for plaintiffs in error.—The only question is, as to the right of the plaintiff below to issue execution in this case. He issued the execution without being in any way damnified; and it was only on such an event that an execution could issue.

When a clause in a bond may have two meanings, it must have that put upon it which will give it most effect: Chitty on Contracts, 80.

As to the construction of a bond of indemnity, and that a *scire facias* should issue on it, he cited Adams *v.* Bush, 5 Watts, 289; Brown *v.* Brodhead, 3 Whart. 101.

*Pearson* and *Riddle*, contrà.—An actual payment had been made by the plaintiff below, on account of the debts for which the bond of indemnity had been given; and the defendants had failed to comply with other engagements made with the plaintiff, so that plaintiff became liable for other claims.

Is the refusal of a court below to set aside a judgment the subject of a writ of error?

Upon a bond of indemnity, the moment the party is injured he has a right to issue an execution upon it: Miller *v.* Howry, 3 Penna. Rep. 374; Bank *v.* Douglass, 4 Watts, 95; Gardiner *v.* Grove, 10 Serg. & Rawle, 137; In the matter of Negus, 7 Wendell, 502; Gorman *v.* Richardson, 6 Serg. & Rawle, 163.

The agreement of the parties dispensed with the writ of *scire facias*. On a bond of indemnity on a failure of part, an execution may issue for the whole penalty: Longstreth *v.* Gray, 1 Watts, 60; Smith *v.* James, 1 Miles, 162; Monell *v.* Smith, 5 Cow. 441, 1 Selwyn's Nisi Prius, 588; Shaw *v.* Marquis of Worcester, 6 Bingham, 385; Kinnersley *v.* Musser, 5 Taunton, 185, (9 Law Library, 129;) Skidmore *v.* Bradford, 4 Barr, 296.

On a bond given with warrant of attorney to enter up judgment, it is not necessary to issue a *scire facias*. The execution issues for the penalty; and, at any time before the execution seizes upon the defendant's property, a statement may be filed by the plaintiff showing the amount really due.

Is the release of all errors attached to a bond with warrant of attorney, a release of a writ of error?

*Oct.* 7.   COULTER, J.—Judgment is entered below against the plaintiffs in error, in favour of defendant in error, on a bond, with warrant of attorney, &c.   The bond is for the purpose of indemnifying the defendant in error, and contains a condition as follows: " That the obligors shall well and sufficiently pay the several debts heretofore contracted, and now due, and owing by the late firm of Reynolds, Lowry & Co., and shall indemnify him against the same, and any and every part thereof, so that the said Lowry shall in no wise sustain loss, &c." The bond also contains an agreement, that on failure of the obligor to indemnify the said Lowry as aforesaid, he shall be at full liberty, as often as he shall have occasion to pay or become liable to pay any of the debts before contemplated, to file a statement of the same with the record, &c.; and thereupon to issue execution, or executions, and collect the amount. The judgment was entered the 4th May, 1846; and on the 26th of August following, a statement of debts which he was liable to pay as one of the firm of Reynolds & Lowry, was filed by him; and on the same day he issued execution on the judgment. The defendant applied to the court below to set aside this writ of *fi. fa.,* which they refused to do; and the plaintiff in error, who sued out this writ, assigns the following exception to the proceeding, to wit: " Execution ought not to have issued without a *scire facias,* or a certificate filed in conformity with the condition of the bond."

The certificate filed by Lowry was in exact conformity with the bond.   It specifies the debts which he had become liable to pay, and that satisfied the exigency of the condition so as to make the issuing of the execution proper and provident in that respect. Whether he claimed too much was a matter for the equitable discretion of the Court of Common Pleas, to which the defendant below appealed unsuccessfully; and we think, from the evidence sent up, that the discretion of the court was wisely exercised. Part of the condition of the bond was, that Reynolds would pay and satisfy the debts of the late firm, for which purpose, no doubt, sufficient assets was left in their hands by the retiring partner, Lowry.   He waited three months before he attempted to coerce the plaintiff in error to comply with their engagements, and, as the evidence shows, until he was sued on one of the claims, and until he was compelled to enter into stipulations and incur trouble with respect to it, and until the plaintiffs in error had failed to comply with other arrangements according to their agreement.   It was not necessary that Lowry should wait until he was sued and harassed on account of these claims, nor until he had paid them.   It

is evident, from the whole proceeding, that the bond was given to enable him to compel the plaintiffs to do that which, in equity and good conscience, they were bound to do in a reasonable time. As the law stood at the time of the passage of the statute of 8 and 9 William, chap. 11, if there was a judgment in a court of law for a penal sum, either upon a demurrer or a *cognovit actionem*, or by default, the defendant was exposed to the danger of an execution for the whole of the penalty, and had no mode of preventing such an inconvenience, but by filing a bill in equity; and the statute was framed to prevent such mischief, by compelling the plaintiff to show on the record in the common-law court the amount of the debt and damages really due; thus making an appeal to the Court of Chancery unnecessary; 6 Binn. 385. In Collins *v.* Gray, 2 Burrows, 820, it was ruled that this statute extended to bonds payable by instalments. But in Longstreth *v.* Gray, 1 Watts, 60, Chief Justice Gibson says that it never was construed as extending to *judgment* on warrant of attorney, and the words of the statute clearly indicate and justify this distinction. The words are, "that if *judgment* shall be given for the plaintiff by confession or *nihil dicet*;" and the commencement of the section provides, "that in all *actions* commenced upon any bond or bonds for any penal sum the plaintiff may assign breaches, &c." So that breaches were only required to be assigned when judgment had been obtained in court by writ for a penal sum. In 2 Barn. & Cres. 82, it was ruled that on a *post obit* bond upon which a forfeiture has taken place, it is not within the statute, and that therefore it is not necessary to assign breaches. The rule has been well settled, that on a bond payable by instalments, and sued by writ, and judgment entered thereon by default, for want of an affidavit of defence, that a *scire facias*, or application to the court for leave to issue execution for the instalments, is necessary under the act of 8 & 9 Will. cap. 11. Yet not so when judgments are entered on warrant of attorney without writ; Skidmore *v.* Bradford, 4 Barr, 296.

In the case in hand, the Court of Common Pleas had and has full power to protect the defendant below from injustice by the exercise of their equitable discretion. Our courts have and do exercise control over their own process, so as to permit no one to do injustice to another by its instrumentality. The party is not driven to another court to seek protection from a penalty. He is entitled to it in the same court where judgment for the penalty was rendered by due course and propriety of proceeding; and people are bound to know, when they give a judgment bond with

warrant of attorney for a penalty, the mode and 'manner of relief which they are entitled to, if more than right is demanded and sought to be enforced.

We are of opinion there is no error in the record of the court below, and the proceedings are

Affirmed.