## Royer *versus* Myers.—Same *versus* Reedy.

1. A transcript of the balance appearing to be due by a guardian on the settlement of his account in the Orphans' Court, may be filed in the Common Pleas, under the 29th section of the act of 29th March, 1832, relating to Orphans' Courts, even though the account is not a *final* account.

2. A scire facias on such a transcript may issue and the matter be submitted to arbitration and execution issue for the amount awarded, even though a subsequent account, stated by the guardian to be a final account, is exhibited about the time of the issuing of the scire facias, and exceptions to which are pending in the Orphans' Court.

3. The guardian has not the right of appealing from an award of arbitrators made in a proceeding by scire facias on said transcript, for the recovery of the amount due thereon, *without the payment of costs.*

ERROR to the Common Pleas of *Union county.*

On the 19th February, 1833, Jacob Royer and John Rowland were appointed guardians of Eliza, Ann, David, Sarah, and Henry Myers, minor children of David Myers, deceased, then under the age of 14 years; and they filed their account as guardians of said wards to August term 1842, showing a balance in the hands of said Royer of $3678.82½. On the 28th of February, 1844, a single certificate of the clerk of the Orphans' Court was entered in the Common Pleas, No. 221, January term 1844, specifying how much was due to each, and the plaintiffs below issued five several writs of scire facias, to December term 1848, all reciting the same original. At September term 1848, Emanuel Reedy was appointed guardian of the three last-named wards: and the said Jacob Royer, to December term 1848, and February term 1849, filed his accounts of said wards, showing the balance in his hands due each, amounting in the aggregate to $4350.65. In May 1849, the plaintiffs below entered rules to choose arbitrators, and the five cases of *scire facias* were referred to arbitrators, and awards were made in July 1849, in favor of plaintiffs, in each case, higher than the amount admitted to be due on the accounts filed in the Orphans' Court. From those awards defendant below appealed *without paying costs*, alleging that he was acting *in a representative character;* but the court below, on motion, struck off the appeals, and the plaintiffs to December term 1849, issued five executions in the Court of Common Pleas to recover the amounts of the several awards. At the same time, exceptions to the last accounts exhibited by the guardian with the several wards, were filed, and pending in the Orphans' Court. On the 5th November 1849, Judge MONTELIUS granted a rule on behalf of Jacob Royer, to show cause why the said executions should not be set aside, which rule, on hearing, was discharged.

The principal points in dispute were, the court's refusal to sustain the appeals, and discharging the rule to show cause why the said executions should not be set aside, inasmuch as exceptions to

the guardian accounts were then pending in the Orphans' Court, and the correct amounts not finally fixed and determined for which execution could legally be had.

It was assigned for error, that, 1. The court erred in dismissing the appeals; 2. In refusing to set aside the several executions.

The case was argued by *Merrill,* for the guardian.—He contended that the account on which the transcript was filed was not a *final* account, and did not therefore justify the filing of the transcript or certificate.

*Linn,* for defendants in error.—The guardian did not receive any money after the settlement of the first account—afterwards, he filed other accounts, and charged for services. The act of Assembly authorizes the filing of a transcript of balances on accounts, whether they be final or not.

*Casey,* for guardian.—That it was the intention of the legislature that the account, a transcript of the balance of which may be filed, should be a *final* account. But, granting that the transcripts were regularly filed, the transcripts were not *a judgment,* but merely *a lien:* Ramsey's Appeal, 4 *Watts* 71. Appeal from the awards was, therefore, not necessary, for the awards were only that the lien be continued. No execution could issue on the awards till a final decree on the account. The revival is for the amount that shall appear to be due on settlement in the Orphans' Court. That the record shows that exceptions were pending, and that the account was not final. The executions should, therefore, not have issued, and should have been set aside.

The opinion of the court was delivered July 22, by

COULTER, J.—The 29th section of the act of 29th March, 1832, makes the certified transcripts of balances due by executors, administrators, or guardians, as ascertained in the Orphans' Court, when filed in the Court of Common Pleas of the respective counties, a lien on the estate of the respective executor, administrator, or guardian; and authorizes the issuing of a scire facias or the institution of an action of debt on such transcripts. It is strongly alleged that the provision, as it affects guardians, only applies to final accounts, settled after the ward has arrived to full age. That interpretation, however, is too narrow; because guardians do not always give security; that being a matter resting in the discretion of the court: and where the sums are large, as was the case here, it is more expedient and useful that there should be a lien on the estate, even upon an interlocutory settlement, than upon a settlement when the ward arrives at full age. The provision for a certified transcript and lien is in the same act as that providing for

the triennial account, and, the reason being as strong in the one case as in the other, we cannot lessen the security which the act gives to the ward, especially as that statute seems to have designed that these securities should be ample, even at the hazard of tautology; for, at the close of section eight of the same act, it is provided, that nothing in this act contained shall be construed to deprive a minor of any action or remedy to which he may be entitled, at the common law, against his guardian, for any cause whatever. It is true, that this court has decided, in various cases, that the Orphans' Court is the appropriate place to settle the accounts between guardian and ward. And so, doubtless, it is. But the answer to that is, that here the accounts have been settled, and a balance ascertained and certified to the Common Pleas, within whose jurisdiction it was then placed by the law, to be proceeded upon as the law directs. The guardian alleges that a final account was then pending in the Orphans' Court. That may be; but there is no adequate evidence of it on the record. But, if there was, it would not, in my judgment, affect the case. There has been a settlement of the account in the Orphans' Court, a certificate of the balance to the Common Pleas; when, by the mandate of the statute, the ward may institute his action of debt or scire facias; and if the guardian has made any subsequent payments, surely that court is competent to adjudicate upon the credits and payments he alleges. If not, it is a poor jurisdiction. It is composed of the same judges as the Orphans' Court, with the addition of a jury. Shall we then mock the ward, by decreeing that the remedy he elected was delusive and deceptive, throw him out of court, and inform him that he must abide the guardian's tardy movements in the Orphans' Court. I have said that there is no evidence on the record that the account is not final. It appears, however, from the paper-book, that about the time of the issuing of the *scire facias*, the guardian filed an account, claiming allowance for services and some small disbursements, and which were, in fact, allowed by the arbitrators.

The guardian was not entitled to appeal without the payment of costs. He was not sued in a representative capacity, in the true reading of the statute. He was sued as a man defaulting, in his own right, and, as such, was bound to pay the costs; and, if he had felt himself much aggrieved, would have done so, I presume.

It has been determined by this court, that the only remedy is by an appeal from the award of arbitrators, even when there is error alleged in the form of the suit or the narr.

The appeal was properly dismissed for the non-payment of costs, and no sufficient cause was shown, that we can see from this record, for arresting the execution and stopping the proceedings.

> Judgment of the court below, and order in respect to execution, affirmed.