# Bernhardt *v.* Taylor, Appellant.

*Practice, C. P.—Affidavit of defense—Matters before the court.*

1. In disposing of a rule for judgment for want of a sufficient affidavit of defense, nothing is before the court, except the plaintiff's statement and the defendant's affidavit in reply to it. To these the court below is confined in determining whether the rule shall be discharged or made absolute.

*Executors and administrators—Suits against—Scire facias sur certified transcript from orphans' court—Act of March 29, 1832, sec. 29, P. L. 190 —Defenses—Collateral attack on decree.*

2. Where, under sec. 29 of the Act of March 29, 1832, P. L. 190, a certified transcript from the orphans' court showing a balance due by an executor, administrator or guardian as ascertained by that court, is filed in the common pleas, and a scire facias is issued thereon, the amount appearing due from the transcript by the accountant, at the time of the adjudication of his account, is conclusive, unless reduced by payments after the adjudication. Payments made prior to the adjudication cannot be considered, inasmuch as the decree of the orphans' court fixing the amount due at the time of the adjudication is conclusive and cannot be collaterally attacked in the court of common pleas.

Argued Nov. 2, 1908. Appeal, No. 152, Jan. T., 1908, by defendant, from order of C. P. Huntingdon Co., Feb. T., 1908, No. 10, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Lillian Bernhardt v. Isaac Taylor and Isaac Taylor, Trustee. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Scire facias sur certified transcript from the orphans' court. Before SHULL, P. J., specially presiding.

The defendant filed an affidavit of defense in which he set up payments to the plaintiff made prior to the date of the adjudication.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*John D. Dorris* and *J. F. Schock,* for appellant.—The very

record upon which the sci. fa. issued if complete would show that the amount of the lien which the sci. fa. was intended to enforce, was subject to deductions for "the advancements or payments made" to appellee on account thereof. The amount of these advancements or payments has never been judicially determined and is the very thing that is in dispute in this case between the appellee and the appellant. The orphans' court might have determined their amount but it has not done so. Clearly, then, under these facts, any court that has jurisdiction to enforce payment of the lien has jurisdiction to determine how much of said $11,156.08 remains unpaid at the time it renders judgment in the case. The orphans' court cannot interfere with the claimant's right to proceed by sci. fa. to enforce this lien to whatever amount he is entitled to recover. Here it was not alleged that the whole balance had been paid; and for whatever balance remained, however small, the lien of the transcript remained in full force: Ashman's Estate (No. 3), 218 Pa. 513.

*L. H. Beers* and *H. H. Waite,* for appellee.—The decree of the orphans' court was conclusive: McPherson v. Cunliff, 11 S. & R. 422; Mussleman's App., 65 Pa. 480; McFadden v. Geddis, 17 S. & R. 336; Forcey's App., 106 Pa. 508; Com. v. Monongahela Bridge Co., 216 Pa. 108; Gilmore v. Rodgers, 41 Pa. 120; Dixcy v. Laning, 49 Pa. 143; Leedom v. Lombaert, 80 Pa. 381.

The defense on a scire facias on a judgment must have arisen after the judgment was rendered: Lauer v. Ketner, 162 Pa. 265; Savage v. Everman, 70 Pa. 315; Cardesa v. Humes, 5 S. & R. 65; Royer v. Myers, 15 Pa. 87; Burd v. McGregor, 2 Grant, 353; Eichelberger v. Smyser, 8 Watts, 181.

OPINION BY MR. JUSTICE BROWN, January 4, 1909:

In disposing of a rule for judgment for want of a sufficient affidavit of defense nothing is before the court except the plaintiff's statement and the defendant's affidavit in reply to it. To these the court below was confined in determining whether the rule for judgment in this case should be discharged or made absolute: Allegheny City v. McCaffrey, 131 Pa. 137; Columbia National Bank v. Dunn, 207 Pa. 548; Scott Manufacturing Co.

v. Morgan, 217 Pa. 367. Instead of confining itself to what appeared in the record before it, the court, in its opinion making absolute the rule for judgment, discussed matters which did not appear either in the certified transcript, upon which the writ of scire facias was issued, nor in the affidavit of defense, and this digression has been kept up by counsel for appellant in their history of the case and printed argument.

By sec. 29 of the Act of March 29, 1832, P. L. 190, a certified transcript from the orphans' court, showing a balance due by an executor, administrator or guardian as ascertained by that court, when filed in the court of common pleas of the county, becomes a lien on the estate of the accountant and upon it an action may be brought or a scire facias issued by any person interested for the recovery of the amount due him. When such certified transcript is filed in the common pleas, and an action is there instituted upon it, the amount appearing due from it by the accountant at the time of the adjudication of his account is conclusive, unless reduced by payments after the adjudication: Royer v. Myers, 15 Pa. 87; Burd's Executors v. McGregor's Administrator, 2 Grant, 353. The common pleas may not modify in any manner the amount ascertained by the orphans' court to be due from the accountant at the time of the adjudication. Over the account of an executor, administrator or guardian, and in ascertaining the amount to be due from him to a distributee, the jurisdiction of the orphans' court is exclusive, and after that court has ascertained the amount due no defense but payment is available in an action brought against the accountant under the provisions of the act of March 29, 1832. The adjudication by the orphans' court of the amount due is not to be attacked in the common pleas. "By the act of the 29th of March, 1832, the orphans' court is declared to be a court of record, with all the qualities and incidents of a court of record at common law. Matters within their jurisdiction cannot be reversed or avoided collaterally. . . . Payments made by the guardian would be a defense to a suit to enforce the decree, although every previous transaction between the parties would be concluded by the decree:" Eichelberger v. Smyser, 8 Watts, 181.

From the certified transcript from the orphans' court filed in the common pleas in this case it appeared that, by an adjudication of the seventh account of Isaac Taylor as trustee in the estate of Mary Jane Ashman, deceased, confirmed absolutely by the orphans' court of Huntingdon county on June 30, 1906, there was due by him on that day to the appellee the sum of $11,156.08. This was all the court had before it as to the adjudication in the orphans' court. In the scire facias issued on this transcript it was conclusive in the common pleas that on June 30, 1906, there was due to the appellee from the appellant the sum stated, and but for the credits given him by her that sum, less payments made since the adjudication, would have been the amount for which the court would have been compelled to direct judgment to be entered against him. The sole defense set up is that the appellant is entitled to credits for certain payments made by him to the appellee between September 6, 1897, and March 1, 1904. Nothing else appears in the affidavit of defense. But these credits claimed are all for payments alleged to have been made before the adjudication by the orphans' court. The appellee has agreed that the amount awarded her by the adjudication shall be reduced by the sum of $9,301.09, and beyond this there can be no further credits allowed, except for payments made since the adjudication. Every previous transaction between the parties was concluded by it. If the balance as ascertained by the orphans' court to have been due by the appellant is incorrect, it is either his fault or misfortune that a proper correction was not made by that court before this proceeding was instituted and judgment against him asked for in the common pleas. That court could give him no relief from the decree of the other court.

Judgment affirmed.