# Heffner *v.* Albright, Appellant.

*Evidence—Judgments—Defenses—Executors and administrators—Account—Payment—Jurisdiction, O. C.—Transcript—Jurisdiction, C. P.*

1. In settling the accounts of executors, administrators and guardians the jurisdiction of the orphans' court is exclusive, and in a proceeding on its transcript in the common pleas, no defenses but payment and nul tiel record are available.

2. On a scire facias to revive and continue the lien of a judgment entered in the common pleas, upon the filing of a certified transcript from the orphans' court, showing a balance due by executors to the widow of the decedent, evidence is inadmissible to show that before the adjudication by the orphans' court one of the executors had sold the widow six houses under a verbal agreement with her that he and his coexecutor "were to take of such moneys as might come into their hands" as executors, the amount of the purchase price of the houses that was unpaid, the purpose of the offer, as stated by counsel, being to prove that long prior to the adjudication, the amount the widow was to be entitled to, had by the agreement mentioned, been paid her, and that nothing was then due her by the executors.

Argued Feb. 13, 1911. Appeal, No. 106, Jan. T., 1910, by defendants, from judgment of C. P. Schuylkill Co., Sept. T., 1907, No. 196, on verdict for plaintiff by direction of the court in case of Emma Heffner v. D. H. Albright and John H. Phillips. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Scire facias to revive lien of judgment. Before SHAY, P. J.

The opinion of the Supreme Court states the case.

The court directed a verdict for the plaintiff. Defendant appealed.

*Errors assigned* were in rulings on evidence and in directing verdict for plaintiff.

*William Wilhelm,* with him *Geo. W. Ryon,* for appellants.

*R. H. Koch,* with him *S. M. Enterline,* for appellee.

PER CURIAM, April 10, 1911:

This was a scire facias to revive and continue the lien of a judgment entered in the common pleas, upon the filing of a certified transcript from the orphans' court, showing a balance due by executors to the widow of the decedent. At the trial, offers of testimony were made, to show that before the adjudication by the orphans' court one of the executors had sold the widow six houses under a verbal agreement with her that he, and his coexecutor "were to take of such moneys as might come into their hands" as executors, the amount of the purchase price of the houses that was unpaid. The purpose of the offer, as stated by counsel, was to prove that long prior to the adjudication, the amount the widow was found to be entitled to, had by the agreement mentioned, been paid her, and that nothing was then due her by the executors. The assignments of error relate to the overruling of these offers and the direction of a verdict for the plaintiff.

In settling the accounts of executors, administrators and guardians the jurisdiction of the orphans' court is exclusive, and in a proceeding on its transcript in the common pleas, no defenses but payment after the adjudication and nul tiel record are available: Bernhardt v. Taylor, 223 Pa. 307.

If the agreement attempted to be set up could, as argued, be considered an equitable assignment of an amount sufficient to pay the balance of the purchase money of the houses, it was, in effect, a payment pro tanto by the executor to the widow. The adjudication was conclusive of the amount due by the former to the latter, and that matter could not be inquired into by the common pleas.

The judgment is affirmed.