Tallman et al. *v.* Moore et al., Appellants.

Argued November 18, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*E. Wallace Chadwick*, for appellants, cited: Bernhardt v. Taylor, 223 Pa. 307; Morrison v. Warner, 197 Pa. 59; Reilly v. McCray, 68 Pa. Superior Ct. 308; Pacific County v. Illinois Surety Co., 234 Fed. 97; State v. Blanchard Co., 91 Kns. 74; 136 Jac. 905.

*Claude C. Smith, Esq.,* and *Duane, Morris & Heck-scher,* for appellees.—The pleadings show that defendants were clearly in default under their bond and plaintiffs are entitled to judgment in the penal sum of $12,000: Cameron v. Carnegie Trust Company, 292 Pa. 114; Buehler v. United States Fashion Plate Co., 269 Pa. 428; Transcontinental Oil Co. v. Atlas Assurance Co., 278 Pa. 558.

Plaintiffs are entitled to have damages assessed under the judgment for the losses sustained by them in consequence of defendants' defaults: M. E. Church of Franklin v. Equitable Surety Co., 269 Pa. 41; Anderson's Administrators v. Washabaugh, 43 Pa. 115.

OPINION BY LINN, J., February 28, 1930:

This appeal is from judgment for want of a sufficient affidavit of defense in assumpsit. The suit is on a bond given by defendants to plaintiffs. They sue for judgment for the penal sum of the bond, $12,000, alleging certain breaches of condition with averments of damage claimed for each breach alleged. The Act of June 14, 1836, P. L. 638, section 1, (in substance re-enacting 8 and 9 Wm. III, c. 11, Sec. 8; 4 Troubat & Haly's Practice, 6th Ed. p. 2728) provides for such suit: Reynolds v. Lowry, 6 Pa. 465, 468; Duffy v. Lytle, 5 W. 120; New Holland Turnpike Co. v. Lancaster Co., 71 Pa. 442; Keating v. Peddrick, 240 Pa. 590.

The rule for judgment was made absolute and the prothonotary was directed to enter judgment against the defendants, principal and surety, for the penal sum of $12,000, and also to assess damages against them for: (1) $283.50 with interest from August 2, 1928, "for attorney's services and costs;" and (2) $414.14 with interest from July 7, 1928 (on a claim to be referred to here as the Strawbridge & Clothier claim).

For the purpose of disposing of this appeal, we examine only the statement of claim, the affidavit of defense, and the rule for judgment; we lay aside and disregard the statements of fact not found in those pleadings, even though (as it was without agreement of the parties and is complained of by appellant) such statements are contained in the opinion of the court below, and have resulted in other statements of fact, also disregarded here, in one or the other of the briefs of the parties: Bernhardt v. Taylor, 223 Pa. 307.

As we agree, for reasons to be stated, that breaches of condition are averred and not adequately denied in the affidavit of defense, we shall affirm the judgment for the penal sum. To avoid possible confusion of the judgment for the penal sum, with the judgment for the amounts payable in consequence of existing breach of condition, or of future breach for which execution may issue as provided in section 2 (1836, P. L. 639), we shall, for present purposes, call the judgment for the penal sum the general judgment, and refer to the amount for which damages are assessed and for which execution may issue, as the execution-judgment. The general judgment in suits under this statute, stands as security; and execution to recover pursuant to it, is subject to the control of the court and is limited to damages shown to have been sustained within the terms of the bond, by writ or writs of scire facias issued from time to time as a breach occurs, as permitted by section 2.

The statement declares on a bond for $12,000 and claims damages for two amounts (1) $414.14 with interest, paid to satisfy a judgment obtained by Strawbridge & Clothier against plaintiffs; and (2) $283.40 with interest, paid to counsel for professional services rendered for plaintiffs in various matters detailed in an exhibit made part of the statement of claim.

The statement of claim avers that plaintiffs filed a bill in the common pleas of Delaware County against

Moore, principal on the bond in the suit now before us, to recover a certain sum "advanced" by them to defendant, Moore, and for "payment for certain labor, materials, rentals of equipment, premiums on insurance due to plaintiffs, and to compel the payment by Moore of indebtedness to various sub-contractors for labor, materials and services furnished in and about the construction of 26 houses ... ... .." specified; that the court thereupon appointed a temporary receiver; that on May 27, 1927, "by agreement of the parties, said court in equity signed [a] decree removing the receiver, dissolving the injunction and restoring the possession of the real estate and building operation to" Moore, defendant. Part of the agreement required Moore to give a bond. The statement avers that pursuant to that arrangement, (equity rule 43 provides for it) the bond now in suit was given "in the form agreed to by the parties." The conditions of the bond were as follows: "Now the condition of their obligation is such, that if the above bounden Samuel R. Moore, his heirs, executors and administrators, or any of them, shall well and truly promptly pay or cause to be paid unto the above named Harrison P. Tallman and Harrison P. Tallman and John Anderson, co-partners trading as Tallman Anderson Company, or their executors, administrators, or assigns, or any of them, the just and full sum or sums, with legal interest for the same, as this court or any court having jurisdiction of the parties and subject matter shall find to be due them or any of them; and the further condition that if the said Samuel R. Moore shall and do from time to time, at all times hereafter, well and sufficiently save, defend, keep harmless and indemnify the said Harrison P. Tallman and Harrison P. Tallman and John Anderson, individually, and as co-partners, their heirs, executors and administrators, and their goods and chattels, lands and tenements, of and from the liabilities aforesaid under and by virtue of certain

contracts heretofore made and entered into in the name of and by Tallman Anderson Company with sub-contractors for certain work, labor, materials and, or services in and about the construction and erection of twenty-six houses at Manoa, Haverford Township, Delaware County, Pennsylvania, and of and from all actions, suits, now pending or hereafter brought, notice of which shall be given Samuel R. Moore, payments, costs, charges and damages, excepting for tort from negligence, or otherwise for or by reason thereof, then this obligation to be void, or else to be and remain in full force and virtue.''

There is an averment that Strawbridge & Clothier obtained judgment against plaintiffs, issued execution, and that plaintiffs were compelled to pay the judgment, $414.14, to prevent sale of their property.

There are averments that in connection with six claims against them (the Strawbridge & Clothier claim being one of the six) counsel fees were necessarily paid (the details are averred in the statement but need to be set forth here). The total of both, plaintiffs aver, were expenditures payable to them by defendant pursuant to the terms of the bond; they allege refusal to pay and consequent breach.

The affidavit of defense, filed on behalf of both defendants, admits the averment concerning the proceeding in equity and the delivery of the bond as averred by plaintiffs. As to the Strawbridge & Clothier judgment, defendants aver that the claim that resulted in the judgment represented ''the balance remaining due under a contract between said plaintiffs and said Strawbridge & Clothier for certain furniture consisting of a living-room suit, dining-room suit, bedroom suit, rugs, draperies and other household furnishings in no way connected with the construction and erection of a house;'' that such expenditure was not ''within the provisions of the said bond,'' and did not constitute any part (in the words of the affidavit of defense)

"of certain contracts heretofore made and entered into in the name of and by Tallman Anderson Company with sub-contractors for certain work, labor, materials and services, in and about the construction and erection of 26 houses ......" "as expressed in the condition of the said bond."

There is nothing in the statement of claim that would support an inference that a contract for household furnishing was among the "certain contracts heretofore made" for the "construction and erection" of the houses referred to. These "certain contracts" are not specifically set forth in the statement; ordinarily the construction and erection of houses do not include furnishing them: (compare B. & L. Assn. v. Realty Co., 260 Pa. 421). As there is direct denial that the house furnishing contract was one of the "certain contracts heretofore made" for construction and erection, the defendants are entitled to a trial to prove their averment if they can. For the same reason, the liability to pay the $15 item for counsel fees paid by plaintiffs in defending the suit, in which the judgment was rendered, cannot be determined on this rule for judgment.

We agree with the conclusion reached below as to the remaining items of the total paid for counsel fees and costs; the denial is insufficient, it is evasive in fact and inadequate in law: Anderson v. Washabaugh, 43 Pa. 115, 118; the words of the indemnity are much more comprehensive than those construed in Kirpichnikoff v. Finkel, 290 Pa. 437, 442. The amounts charged for the services of counsel, it is agreed, are reasonable, so that no trial of that point is desired.

The general judgment in the penal sum of $12,000 is affirmed; the execution judgment, that is, the amount or amounts for which damages were assessed for breach of condition, is reversed as to the Strawbridge & Clothier item of $414.14 and as to the sum of $15 (fee in the Strawbridge & Clothier case) out of the

claim of $283.50 for counsel fees and costs; the record is remanded with instructions to reduce the assessment of damages to $268.50 with interest, and to permit the issue raised by the pleadings to be tried according to law.