|175  339
|s177  27|

# George Allen, Appellant, *v.* Matthew Hamilton and Herman Diesinger.

*Deeds—Covenants running with land—Equity.*

A deed contained a covenant by the grantor that a house belonging to him on a lot adjoining the lot conveyed should be "for ever hereafter restricted from having any building or part of a building attached to the said messuage now thereon erected of a greater height than ten feet from the surface of the yard." *Held,* (1) that the word "now" as applied to the building only measured the exact quantity of ground unrestricted, as well as the quantity which was burdened with the restriction; (2) that following the decision in Landell v. Hamilton, supra, 327, the covenant should be enforced in equity.

Argued April 3, 1896. Appeal, No. 214, Jan. T., 1896, by plaintiff, from decree of C. P. No. 2, Phila. Co., Sept. T., 1895, No. 796, refusing injunction. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill in equity for an injunction to restrain the erection of a building.

The facts appear by the report of Landell v. Hamilton, supra, 327, and by the opinion of the Supreme Court.

*Error assigned* was in refusing injunction.

*George Junkin, H. S. P. Nichols* and *Joseph DeF. Junkin* with him, for appellant.

*John G. Johnson, Julius C. Levi* with him, for appellees.

OPINION BY MR. JUSTICE DEAN, May 4, 1896 :

The facts in this case are substantially the same as in Edwin A. Landell and others against the same defendants, page 327, argued same day and opinion herewith handed down. This bill is by the owner of 1210, being the western one of the three lots, and was conveyed by the original grantor to Rebecca H. Willing on May 24, 1832, eight months before he conveyed the middle lot to Stewart. There is a slight difference in the words of the covenant. The deed for 1206 stipulates that Hause and his

assigns shall be forever hereafter restricted as to the middle lot from having any building attached to the messuage erected thereon; in the deed to the first grantee of this lot, 1210, the words, are, " The said messuage *now* erected thereon." The original deeds have been lost; the word "now" may have been inadvertently dropped from the other. We do not think its presence in this deed in any degree negatives the manifest intention of the grantor as adjudged by us in Landell's case. That intention was to restrict forever the owner of the middle lot from building on it higher than ten feet from the surface, from the main building to Sansom street, and the word "now," as applied to the building, only measures the exact quantity of ground unrestricted, as well as the quantity which is burdened with the restriction.

The evidence adduced to show a violation of the restriction hostile to the claim of the adjoining lots is in substance the same as in the other case. Some buildings were erected slightly higher than ten feet, but the owners of the middle lot, as well as of this one, believed they did not exceed that height. There is no testimony which in its strongest aspect would bar plaintiff's right to protect his light and air, because there never was an assertion of right hostile to the restriction.

It is doubtless true, as argued by appellees, that words might have been used in this covenant which would more aptly have expressed the intention to create a covenant running with the land; but in view of the surroundings of the parties, the subject of the contract, and its purpose, the intention to create such covenant by this language is manifest. For the reasons given in Landell's case the judgment here is reversed, and injunction is directed to issue as prayed for in the bill; costs to be paid by appellees.