George Allen, Appellant, *v.* Matthew Hamilton et al.

*Equity—Injunction—Deed—Building restriction.*

Where under a building restriction in a deed a lot enjoys the privilege of light and air from a second lot, and the owner of the first lot erects a solid division wall cutting himself off from light and air, and maintains such a wall for a long period of years, he cannot enjoin the owner of the second lot from erecting a building to the height of such wall.

*Party wall—Building restriction—Deed.*

Where under a building restriction the owner of a lot is not permitted

to build higher than ten feet from the ground so as to afford light and air to the adjoining lot, a solid wall erected by the owner of the adjoining lot on the division line to the height of thirteen feet nine inches, and not intended by him as a party wall, is not a party wall in any sense of the word.

Argued May 27, 1896. Appeal, No. 214, Jan. T., 1896, by plaintiff, from decree of C. P. Phila. Co., Sept. T., 1895, No. 796, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Decree modified.

Petition on the part of appellees for reargument.
The facts appear in Allen v. Hamilton, 175 Pa. 339.

*John G. Johnson,* with him *Julius C. Levi,* for petitioners.

*George Junkin,* for respondent, cited, on the question of party wall, Vollner's App., 61 Pa. 118; Weigmann v. Jones, 163 Pa. 330.

OPINION BY MR. JUSTICE DEAN, July 15, 1896:

We have this day handed down, in case of Landell et al. versus same defendants, a modification of our first decree, filed May 4, 1896, in that case. The same original decree was made in this case, see Allen v. Hamilton et al., 175 Pa. 339. The application of the same principles as in the decision this day filed would induce a modification of the decree here. We do not think the structures of plaintiff along the lines of lots 1208 and 1210 are, in any sense of the word, a party wall; they were not intended as such by the owner of 1210, who erected them, nor had the owner of 1208 any reason to consider them as such; in the most favorable construction to defendants they had but the right to use the walls for building purposes to the height of ten feet, to which the restriction limited them. But it appears plaintiff or his grantors built a line or division solid wall along 1210 from the rear of the old main building on 1208, thirteen feet nine inches high, for a distance of fifty-six feet, and from that point back to Sansom street was built a still higher wall. That is, the owner of 1210 has by his acts declared that, on the whole, to a greater height than 1206 has conceded, light and air from 1208 are valueless to him; he has himself completely shut

out more of both. But we can make no modification of the decree in favor of defendants which can affect 1206. The owner of 1210 can no more affect the right of the owner of 1206 by his act in building a wall than he could destroy that right by a deed relinquishing the restriction altogether.

We, therefore, only so far modify the original decree in this case as will make it accord with the modified decree in Landell et al. v. same defendants, this day filed. While defendants, perhaps, do not get all they would have the right to demand as against Allen, they get all we can give consistent with the rights of Landell et al.

Let the original decree be modified so that appellees, Hamilton et al., be restrained from building higher than thirteen feet, nine inches for a distance of nineteen feet from old main building on 1208, and higher than twelve feet for a distance of thirty-seven feet further. Costs to follow original decree. Should the owner of 1210 agree to waive the restriction to the height of seventeen feet for a distance of nineteen feet, then there is nothing to hinder defendants from building to the height of seventeen feet on the whole lot for a distance of nineteen feet from the old main building, for, as we have seen in the decree in Landell et al. v. Hamilton et al., the owner of lot 1206, as to that lot and to that extent, has already waived the restriction.