Hollearn et al., Appellants, *v.* Silverman et al.

Argued February 1, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Thomas B. K. Ringe,* with him *Frank O. Walther, Daniel Marcu,* of *Marcu, Marcu & Marcu,* and *Morgan, Lewis & Bockius,* for appellants.

*Bernard G. Segal,* with him *Louis F. Floge, Gilbert W. Oswald,* and *Schnader & Lewis,* for appellee.

*G. Coe Farrier,* Assistant City Solicitor, with him *Francis F. Burch,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE LINN, March 25, 1940:

This appeal complains of the dismissal of a bill filed to obtain a decree restraining defendant, Isadore E. Silverman, and the other defendants, officers of the City of Philadelphia, "from changing the classification of the property of respondent Isadore E. Silverman . . . upon the Zoning Map of the City of Philadelphia from Class 'A' Residential to Class 'A' Commercial" on the ground that the ordinance authorizing the change is, in the words of the bill, "unconstitutional, null, void and of no legal effect whatsoever".

The decree was made after hearing on the merits. The record shows no equity to support the suit; the bill might have been dismissed for want of jurisdiction in equity, though we are not to be understood as indicating that we should have differed from the learned court below in its conclusion on the merits.

Plaintiffs occupy houses on adjoining lots fronting on McCallum Street. Alongside the lot of plaintiff, Sayers, is the land of defendant, Silverman, which fronts by a

curved line partly on McCallum Street, and partly on Hortter Street, at the point where McCallum Street begins. It is that part of Silverman's lot fronting on Hortter Street for a distance of 100 feet, which is particularly involved in the zoning feature of the case. Save for a five-foot gap, the only other property fronting on Hortter Street between McCallum and Greene Streets is the property having a frontage of 134 feet and referred to in the record as containing the drug store.

Pursuant to legislative authority (Act of May 6, 1929, P. L. 1551, 53 PS sections 3822 et seq.) the city passed a zoning ordinance approved August 10, 1933. Plaintiffs complain of an amendment to that ordinance. The "Class A Commercial" zone, originally established by the Ordinance of 1933, is irregular in shape. Its boundary runs southwest from the Pennsylvania Railroad along Hortter Street toward Greene Street. About half way between McCallum Street and Greene Street, the line crosses Hortter Street and reaches Greene Street at a point 57 feet west of Hortter Street, including within the commercial area the drug store on the northwest corner of Greene and Hortter Streets. The line then runs southeast along Greene Street back to the railroad. Thus, in that portion of Hortter Street between McCallum and Greene Streets, the entire east side is zoned commercial and contains a gas station, a coal yard adjoining a railroad spur, and a string of private garages; the west side of that section of Hortter Street consists almost entirely of the commercial zone occupied by the drug store, and Silverman's property which, prior to the amendment complained of, was left in the residential area. In other words, both sides of the street in that block were zoned commercial except for the Silverman lot and the five-foot frontage of another property. What the challenged ordinance did was to transfer to the commercial class that portion of the Silverman property which fronts on Hortter Street, leaving the remaining, or the McCallum Street front, zoned residen-

tial. Plaintiffs' lots and the portion of the Silverman lot lying away from Hortter Street stand considerably above the level of Hortter Street; the slope of the land is such that the re-zoned frontage can probably not be seen from plaintiffs' lots.

Silverman has done nothing on the premises. The deed to him conveys "Under and subject to the express condition and restriction that at no time hereafter shall there be erected upon that portion of the property immediately hereafter described, any building of greater height than Fifteen feet from the footway of Hortter Street, nor of more than one story. . . . And Further the remainder of the premises herein conveyed shall be under and subject to the express condition and restriction that at no time hereafter shall the present building nor any building erected hereafter upon the said lot be used for any other purpose than a private dwelling house."

Equity has jurisdiction to enjoin a nuisance but the record contains no evidence of nuisance. The prayer of the bill is to restrain enforcement of the ordinance of 1939 which neither prohibits plaintiffs from doing, nor requires them to do anything on their respective properties. They enjoy these as they did before. Their contention is that, if Silverman is permitted to conduct a store or stores on the Hortter Street front, even though the structures are limited in height to 15 feet above the street level (as required by the restriction in the deed) the fact that he may do so will result in depreciation of the value of their property. If it does, the result is *damnum absque injuria*.[1] The original zoning ordinance which took in only the 134-foot front containing the drug store gave plaintiffs no vested right which would prevent the city from subsequently amending the ordi-

---

[1] Compare *Jackman v. Rosenbaum Co.*, 263 Pa. 158, 106 A. 238, affirmed, 260 U. S. 22; see 1 C. J. S. p. 1006 et seq.; Cooley, Constitutional Limitations, 8th ed., p. 792 et seq.

nance by adding the remaining 100 feet on the same side of Hortter Street to the Class A Commercial zone. The power to amend the zoning ordinance was expressly conferred[2] by the legislature. The ordinance of 1933 fixing the boundaries of the zones did not result in a contract with plaintiffs preventing the city from subsequently changing the boundaries if the city found it desirable to change them: *Ayars v. Wyoming Valley Hospital,* 274 Pa. 309, 118 A. 426. Generally, equity will not take jurisdiction to enjoin the enforcement of an ordinance merely because it might be condemned as void; other circumstances bringing the case under some acknowledged head of equity jurisdiction must be shown: *Ordinance by Borough of State College,* 104 Pa. Superior Ct. 211; *Boise Artesian Water Co. v. Boise City,* 213 U. S. 276.[3] The plaintiffs have not brought themselves within the rule. If defendant constructs a nuisance on his property, the zoning ordinance will not save him; plaintiffs will then have their remedy. The mere fact, if it be a fact, that the extension of the boundary to bring within the zone the 100 feet along Hortter Street may depreciate the market value of plaintiffs' property

---

[2] "Section 5. Changes. Such regulations, restrictions and boundaries may, from time to time, be amended, supplemented, modified or repealed. . . ."

[3] Appellants rely on two cases in the Supreme Court of New Jersey *(Guarantee Construction Co. v. Bloomfield,* 11 N. J. Misc. 613, 168 A. 34 (Sup. Ct., 1933), and *Linden M. E. Church v. Linden,* 113 N. J. Law 188, 173 A. 593 (Sup. Ct., 1934), in which municipal ordinances were attacked by certiorari) to support their right to attack this ordinance by bill in equity. But the right to pass on ordinances by a writ of certiorari has been settled in New Jersey at least since *Tucker v. Freeholders of Burlington County,* 1 N. J. Eq. 282 (1831), and appears to be exceptional: 11 C. J. 120. We have no such summary procedure, though the Borough Code contains a provision (see section 1 of the Act of 1933, P. L. 818, 53 PS section 12900), appearing as early as section 27 of the Act of April 3, 1851, P. L. 320, for the review in the Quarter Sessions in certain circumstances of borough ordinances. Compare *Nobles v. Piollet,* 16 Pa. Superior Ct. 386.

will not render the ordinance invalid: *Kerr's Appeal,* 294 Pa. 246, 144 A. 81.

*Huebner v. Philadelphia Saving Fund Society,* 127 Pa. Superior Ct. 28, 192 A. 139, so far as it is inconsistent with what is here decided, is disapproved.

Decree affirmed at appellants' costs.