DeBlasiis et al. *v.* Bartell and Oliveto,
Appellants, et al.
DeBlasiis et al. *v.* Bartell, Appellant, et al.

Argued October 14, 1940.  Before KELLER, P. J., CUN-

NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*James H. McHale,* for appellants in No. 103.

*Vincent V. Veldorale,* for appellant in No. 135.

*Robert H. Arronson,* for appellees in Nos. 103 and 135.

OPINION BY KELLER, P. J., February 28, 1941:

These appeals are from decrees in equity (a) restraining the defendants, Bartell and Oliveto, from constructing an addition to the second story of Bartell's property, situate at the northeast corner of 16th and Ritner Streets,[1] Philadelphia (known as No. 2351 South 16th

---

[1] 16th Street is 26 feet wide and Ritner Street 34 feet wide, between curbs, at said corner.

Street), in violation of the Philadelphia zoning ordinance of August 10, 1933 (Book of Ordinances, 1933, p. 268), and ordering them to remove the unlawful construction; and (b) declaring an ordinance amending said zoning ordinance by changing the designation of Bartell's property from Class "A" Commercial to Class "C" Commercial unreasonable and discriminatory and null and void.

The main question involved in the one (No. 103 October Term, 1939) is whether private citizens in the immediate vicinity, who are or will be damaged by the unlawful construction, can sue in equity to restrain its erection.

In the other (No. 135 October Term, 1940) the main question is whether, in the circumstances here present, an ordinance purporting to amend the zoning ordinance aforesaid, by changing the designation of the defendant Bartell's property from Class "A" Commercial to Class "C" Commercial, which became effective on September 21, 1939, by the failure of the Acting Mayor to approve or disapprove the same, the apparent purpose of which was to nullify the decree in the other suit, entered December 29, 1938, restraining the construction aforesaid and ordering its removal, may be declared unreasonably discriminatory and void.

If these questions are resolved favorably to the plaintiffs, the remaining questions become relatively unimportant, and while considered by us, need not be discussed.

The basic facts in both cases are the same as those briefly referred to by us in *Phila. v. Bartell*, 139 Pa. Superior Ct. 319, 321, 11 A. 2d 563, (No. 295 October Term, 1939) and are concerned with certain flagrant and defiant acts done by the defendants in violation of provisions of said zoning ordinance of August 10, 1933.

The following statement is summarized from the findings of fact of the chancellor, which were approved

by the court in banc and are substantiated by the evidence.

The defendant, Bartell, is the owner of said premises at the northeast corner of 16th and Ritner Streets. His lot fronts sixteen feet on 16th Street, and extends in depth sixty-five feet. A three story building is erected on it. On and before January 1, 1937, the first floor (twelve feet high), used as a tap room and restaurant, covered the entire lot. The second and third floors were used for dwelling purposes and extended in depth fifty-six feet, leaving an open space in the rear, over and above the first floor, of one hundred and forty-four square feet, in conformity with said ordinance and the building regulations then in force.

The plaintiffs, Ferdinando DeBlasiis and Angelina, his wife, are the owners and occupants of the premises immediately adjoining on the north, No. 2349 South 16th Street. The intervening plaintiffs, Bertha Escandel and Florence Pasaro, are the respective owners and occupants of premises Nos. 2347 and 2345 South 16th Street. All three buildings are used only as dwelling houses.

On or about December 29, 1936, the defendant Bartell and his contractor, the defendant Oliveto, applied to the Bureau of Engineering, Surveys and Zoning, (hereinafter called Bureau of Zoning), for a permit authorizing the erection and construction upon and over the first floor of premises No. 2351 of a brick addition to the second story, one story—eight feet—in height, to extend the full width of sixteen feet and the depth of eight feet, so as to cover practically the entire lot with a building two stories high and leave no open space or area in the rear of the dwelling on the second floor. The application was rejected on December 31, 1936, because it violated the zoning ordinance aforesaid, said properties being in district designated as Class "A" Commercial.

On or about January 11, 1937, Bartell and his con-

tractor, Oliveto, applied to the Bureau of Zoning and to the Bureau of Building Inspection for a permit to excavate the cellar and underpin the foundation of the first floor of said premises No. 2351, which was granted by the Bureau of Building Inspection, Permit No. 155. No permit was issued by the Bureau of Zoning, as none was required from it for the proposed work.

Immediately after obtaining the permit No. 155 from the Bureau of Building Inspection, Bartell and his contractor, Oliveto, under color thereof proceeded to start the construction of the addition to the second story, a permit for which had been refused as before-mentioned, and by February 1, 1937 had progressed so far as to lay the brick work for a second story structure covering practically the entire open space or area at the rear.

On February 1, 1937, the attorney for Mr. and Mrs. DeBlasiis notified Bartell and his contractor that said construction was in violation of law and required them to desist therefrom; and also sent a copy of said letter to the Chief of Police, the Bureau of Building Inspection, the Bureau of Sanitation and Health, and the Captain of Police for that district, requesting them to take immediate steps to prevent further building in violation of the city ordinance and to order the removal of any brick work which had been constructed in violation thereof; and notice was promptly given Bartell and his contractor by the proper city authorities ordering them to stop said unlawful construction and remove the work already done. The defendants refused to comply with this order.

On February 8, 1937, in consequence of the defendants' failure to halt said construction, DeBlasiis and his wife, on their own behalf and on behalf of such other owners of land or residents in the vicinity of No. 2351 South 16th Street as might join them, filed their bill in equity to No. 5119 December Term 1936, Common Pleas No. 1, to enjoin the erection and maintenance

of said structure as in violation of said Philadelphia Zoning Ordinance, enacted pursuant to the Enabling Act of May 6, 1929, P. L. 1551, and also of the Building Code for cities of the first class, as established by Act of May 1, 1929, P. L. 1063, with special reference to section 4302, relating to building over area spaces; and the court, on February 11, 1937 issued a preliminary injunction restraining Bartell and Oliveto from proceeding further with the construction of said addition. Bertha Escandel and Florence Pasaro were subsequently allowed to intervene as plaintiffs.

On March 5, 1937 the City of Philadelphia issued a summons out of Magistrate's Court No. 7 against Bartell to impose the penalty prescribed by said ordinance of August 10, 1933, for his failure to remove said illegal structure and on March 11, 1937 after a hearing he was found guilty of violating said ordinance and fined $100, and $50 a week for the time said illegal structure remained. On March 31, 1937 Bartell filed his appeal from said finding to the Municipal Court which is still pending there to No. 8341 March Term, 1937.

On March 9, 1937 said defendants made application to the Bureau of Zoning for a permit varying the provisions of said ordinance as to open air requirements and permitting said illegal structure to remain, which was refused the same day. Defendants filed an appeal from said action to the Board of Adjustment—the appellate body created under said zoning ordinance— which, after a hearing, on March 19, 1937, refused to grant the variance; and an appeal therefrom to the court of common pleas was dismissed.

The bill filed in Common Pleas No. 1—after answer had been filed—came on for trial and after a full hearing the chancellor found the above facts, inter alia, and also the violation by the defendants of the Zoning Ordinance aforesaid and of the Building Code, constituting a nuisance to the immediate neighborhood, and consequent injury and damage to the plaintiffs by rea-

son thereof, and on October 26, 1938 entered a decree nisi enjoining the construction of said addition and requiring the removal of so much thereof as had been constructed; which subsequently, on December 29, 1938, was made a final decree.

The defendants appealed to this court to No. 103 October Term, 1939; but consideration thereof was withheld pending the determination of the appeal in *Philadelphia v. Bartell*, supra, which had been taken by Bartell from an order and decree entered in Common Pleas No. 1, upon a petition filed October 27, 1938 by the City of Philadelphia seeking the removal of said unlawful construction under summary proceedings authorized by section 404 of the Act of May 1, 1929, aforesaid; which statute, however, had been repealed by Act of April 14, 1937, P. L. 313. The decree in that case was reluctantly reversed by us on March 2, 1940, because of the repeal of the Building Code statute. Following that decision, the appeal to No. 103 October Term 1939, came before us for consideration and was argued on October 14th.

No. 103 October Term 1939

Appellants rely on our decisions in *LaRossa v. Forte*, 92 Pa. Superior Ct. 450, and *Beckershoff v. Bomba*, 112 Pa. Superior Ct. 294, 170 A. 449, to uphold their contention that a bill in equity will not lie at the suit of private citizens to enjoin the erection of a building in violation of the Building Code or the Zoning Ordinance. They apply to the former, but we are of opinion that they should have no application to the latter. There is a clear distinction between the two. A Building Code or Housing Code is primarily enacted for the benefit of those occupying the buildings. The public interest is chiefly centered in seeing that the health, safety and security of the occupants of the building are preserved. But the benefits flowing from the enactment of zoning regulations, *in return for the restrictions imposed by them*, accrue not only to the munici-

pality, representing the general public, but also to the abutting property owners; and while their rights are not strictly *contractual, (Hollearn v. Silverman,* 338 Pa. 346, 12 A. 2d 292) they are, to a degree, analogous to building restrictions, running with the land, imposed in a deed for the benefit of adjoining or adjacent property owners *(Landell v. Hamilton,* 175 Pa. 327, 34 A. 663; *Allen v. Hamilton,* 175 Pa. 339, 34 A. 667; *Landell v. Hamilton,* 177 Pa. 23, 35 A. 242; *Ladner v. Siegel,* 294 Pa. 360, 364-5, 144 A. 271). Hence, the better weight of opinion in this country supports the position that adjoining property owners, who are or will be damaged by a construction in violation of a zoning ordinance, duly enacted, have such a substantial interest in the enforcement of the zoning restrictions as to make them proper parties in a suit to compel their observance and for injunctive relief in equity. The above viewpoint was well expressed by Judge ALLEN in *Pritz v. Messer,* 112 Ohio State 628, 149 N. E. 30: "We see a marked distinction between the *Jaeger Case,* supra, [103 Ohio St. 350, 133 N. E. 82—a Building Code Case] and the instant action. We have here an application for injunction under a zoning ordinance which zones the entire city for the benefit of the community. The benefit to be derived from the observance of these zoning regulations accrues, not only to the municipality, but [also] to the abutting property owner. The plaintiff, therefore, as to her capacity to bring this suit, is in a position analogous to that of one for whose benefit a contract has been made by another party. Having a substantial interest in the enforcement of the zoning restrictions, she is a proper party to enforce their observance by a suit for injunction."

We have already ruled that an adjoining property owner is a 'party aggrieved' by a construction in violation of a zoning ordinance, and may appeal to the Board of Adjustment, or Board given authority to review the issuance of zoning permits, and to the common pleas:

*Junge's Appeal,* 89 Pa. Superior Ct. 543, Ibid, 89 Pa. Superior Ct. 548; *Appeal of Heman Johnson,* 93 Pa. Superior Ct. 599; *Brosnan's Appeal,* 129 Pa. Superior Ct. 411, 420, 195 A. 469; See *Ayer v. Cram,* 242 Mass. 30, 136 N. E. 338; *Rommell v. Walsh,* 127 Conn. 16, 15 A. 2d 6.

In *Fitzgerald v. Merard Holding Co.,* 106 Conn. 407, 138 A. 483, 486, 54 A. L. R. 361, the Supreme Court of Errors of Connecticut, speaking through Chief Justice WHEELER, said: "The primary duty of enforcing these [zoning] regulations rested upon the zoning commission. The right to enforce by injunction, where their violation has resulted, is now resulting, or will result in special damage to one's property, exists in the one injured, and is not dependent upon having requested the public authorities in charge to enforce the violation of their refusal or failure to perform their duty. If one suffers an injury special and peculiar to his property . . . . . . he is entitled to maintain an injunction against the continuance of the encroachment without application to the proper authorities . . . . . . The erection of a structure, though it is not in itself a nuisance, becomes such when it is located in a place forbidden by law."

To the same general effect, see: *Holzbauer v. Ritter,* 184 Wis. 35, 198 N. W. 852; *Boehner v. Williams,* 239 N. W. 545, (Iowa); *Stokes v. Jenkins,* 152 A. 383, 385 (N. J. Eq.); *Bouchard v. Zetley,* 220 N. W. 209, 213 (Wis.); *Michigan-Lake Building Corp. v. Hamilton,* 340 Ill. 284, 172 N. E. 710, 713; *Cordts v. Hutton Co.,* 262 N. Y. S. 529, 543, affirmed by App. Div., 269 N. Y. S. 936, affirmed by Court of Appeals, 266 N. Y. 399, 195 N. E. 124; *Cohen v. Rosedale Realty Co.,* 199 N. Y. S. 4, 7, affirmed by App. Div. 199 N. Y. S. 916; *Cohen v. Rosevale Realty Co.,* 202 N. Y. S. 95, affirmed by App. Div. 206 N. Y. S. 893; *Howell v. Cooper,* 168 N. E. 757 (Ohio App.); *Clifton Hills Realty Co. v. City of Cincinnati,* 21 N. E. 2d 993, 997, 60 Ohio App. 443;

*Rosenberg v. Mehl,* 174 N. E. 152, 37 Ohio App. 95; *Welton v. 40 East Oak St. Bldg. Corp.,* 70 Fed. 2d 377, 380 (C. C. A. 7th Circ.) ; *New York, N. H. & H. R. Co. v. Deister,* 148 N. E. 590, 591 (Mass.).

The chancellor, in this case, found that these plaintiffs, (appellees) were specially damaged by the illegal construction and that it constituted a nuisance injuriously affecting the enjoyment of their dwellings, and his findings were approved by the court in banc, and, in our opinion, are sustained by the evidence.

The decree in No. 103 October Term, 1939, is affirmed at the costs of the appellants.

## No. 135 October Term, 1940

We come then to the appeal to No. 135 October Term, 1940.

This appeal was not taken until after all the matters recited in the first part of this opinion had taken place, to wit: (1) The defendants made application to the Bureau of Zoning for a permit to construct this addition to the second story of defendant's building, that covered practically all of the 144 square feet of space required to be left open for dwelling purposes, which was refused because it violated the zoning ordinance. (2) The defendants made application for a permit to excavate the cellar and underpin the foundation, which was granted. (3) Under color of this permit the defendants proceeded to do that which they had been refused a permit to do. (4) Their attention was promptly directed to the illegality of this construction. (5) The proper city authorities ordered them to stop the unlawful work and remove what had been so constructed. (6) The plaintiffs brought a bill in equity to enjoin the erection and maintenance of said unlawful structure. (7) The City of Philadelphia had a summons issued against Bartell out of a magistrate's court to impose the money penalty prescribed by the zoning ordinance for its violation. (8) The magistrate found him guilty and imposed the fine. (9) He appealed to

the municipal court—said appeal is still pending. (10) Defendants applied to the Bureau of Zoning for a permit authorizing a variance from the provisions of said ordinance, that would allow said illegal structure to remain. Permit was refused. (11) Defendants appealed to the Board of Adjustment, which refused to grant the variance; and an appeal therefrom to the common pleas was dismissed. (12) The court entered a decree nisi in the suit in equity enjoining the illegal construction, and ordering its removal. (13) The next day the City filed its petition for the removal of the unlawful building under the summary proceedings authorized by the Building Code. (14) A decree nisi was entered in accord with said petition on April 11, 1939, which on June 22, 1939 was made final.

This resumé shows a flagrant and defiant attempt on the part of defendants to violate the zoning regulations of the City respecting the air space to be left open for dwellings, persisted in without interruption and maintained by an appeal from every decision upholding the ordinance. But they did not stop there. They then applied to City Council for an amendment to the zoning ordinance, specially changing the designation of the northeast corner of 16th and Ritner Streets [Bartell's property] from Class "A" Commercial to Class "C" Commercial, which they thought would permit the maintenance of the illegal structure they had been ordered to remove, and, by some means, were able to secure the passage of such an ordinance which became effective as of September 21, 1939, by reason of the failure of the Acting Mayor to approve or disapprove it.

On October 3, 1939 the plaintiffs filed a bill in equity, to No. 1322 September Term, 1939 praying the court, inter alia, to declare the said ordinance unconstitutional and void and enjoin the defendant Bartell from applying for a permit from the Bureau of Zoning for the use of said property, 2351 South 16th Street, otherwise known as Northeast Corner of 16th and

Ritner Streets, in any manner other than as listed for Class "A" Commercial, and particularly against any broader use listed for Class "C" Commercial, and to restrain the officers of said City and particularly the Acting Mayor, the Director of the Department of Public Works and the Chief of the Bureau of Zoning from issuing any permit by virtue of said ordinance of September 22, 1939, for a use other than allowed as Class "A" Commercial under said zoning ordinance of August 10, 1933.

The case came on for trial on October 23, 1939. Before it was decided, this court handed down its decision in *Huebner v. Phila. Saving Fund Society*, 127 Pa. Superior Ct. 28, 192 A. 139, which decided that a special ordinance amending the Philadelphia zoning ordinance of August 10, 1933, by changing the classification of *one* corner lot, *which was entirely surrounded by a residential area*, from residential to commercial, was, in the circumstances there present, so arbitrary and discriminatory, and constituted such an unreasonable and unnecessary interference with the private property in the neighborhood, as to be unconstitutional and void. The court below followed that decision and entered a decree holding said ordinance of September 21, 1939 unreasonable and discriminatory and therefore null and void; restraining Bartell from applying to the Bureau of Zoning for a permit to validate the addition or erection made to the second story of premises No. 2351 South 16th Street, or for any use or erection other than as Class "A" Commercial; and ordering him to remove forthwith the said extension or addition as a nuisance. Michael Bartell appealed.

The appellant's counsel admits that the decree appealed from is in conformity with the general principles enunciated in *Huebner v. Phila. Saving Fund Society*, supra; but he contends that the decision in that case was overruled by the Supreme Court in *Hollearn et al. v. Silverman et al.*, 338 Pa. 346, 12 A. 2d 292, citing

specially the extract from Mr. Justice LINN'S opinion, "*Huebner v. Philadelphia Saving Fund Society*, 127 Pa. Superior Ct. 28, 192 A., 139, so far as it is inconsistent with what is here decided, is disapproved." An examination of the facts in the *Hollearn v. Silverman* case reveals such a difference from those in the Huebner case, and even more so from those in the present case, that we do not understand it to require us to hold that, in the circumstances here present, the decree of the court below is erroneous and must be reversed. In the *Hollearn v. Silverman* case, the Class "A" Commercial zone as fixed in the ordinance of August 10, 1933, was irregular in shape, and Hortter Street (on which Silverman's lot fronted as well as on McCallum Street) between McCallum and Greene Streets, was on the east side zoned commercial, containing a gas station, a coal yard and a string of private garages, and on the west side consisted almost entirely of the commercial zone, occupied by a drug store, except Silverman's property which prior to the amendment to the ordinance complained of was left in the residential area. "In other words", in the language of Mr. Justice LINN, "both sides of the street in that block were zoned commercial except for the Silverman lot and the five foot frontage of another property. What the challenged ordinance did was to transfer to the commercial class that portion of the Silverman property which fronts on Hortter Street leaving the remaining, or the McCallum Street front, zoned residential. Plaintiffs' lots and the portion of the Silverman lot lying away from Hortter Street, stand considerably above the level of Hortter Street; the slope of the land is such that the rezoned frontage can probably not be seen from plaintiffs' lots. *Silverman has done nothing on the premises*. The deed to him conveys 'Under and subject to the express condition and restriction that at no time hereafter shall there be erected upon that portion of the property immediately hereafter described, any building of greater height

than Fifteen feet from the footway of Hortter Street, nor of more than one story ......And Further the remainder of the premises herein conveyed shall be under and subject to the express condition and restriction that at no time hereafter shall the present building nor any building erected hereafter upon the said, lot be used for any other purpose than a private dwelling house.' *Equity has jurisdiction to enjoin a nuisance but the record contains no evidence of nuisance.*" (Italics supplied)

All that the amending ordinance in the Hollearn-Silverman case did was to transfer the Hortter Street front of Silverman's property to a class corresponding with the rest of the properties on both sides of the street in that block. In the Huebner case and this case the effect of the ordinance was to take one single property out of the class designated for all the other properties in their respective neighborhoods and constitute it a sort of 'commercial' island, surrounded by the rest of the properties which retained their former class, for no apparent reason or purpose except to favor the party benefited; and in the present case this discrimination in defendant's favor was done after the party so benefited had erected an addition, contrary to the zoning ordinance, in defiance of the orders of the Bureau of Zoning and the Board of Adjustment and of a decree of court which had held it to be a nuisance, causing injury to the property of these plaintiffs.

We recognize that in the Zoning Ordinance of August 10, 1933, and the maps or plans prepared thereunder showing the respective districts, there are single properties constituting commercial districts of one class, which are surrounded by properties of a residential class, or different commercial class, but that was done to preserve the *status or condition as it existed when the ordinance was passed* and constitutes a sound distinction, (*Spector v. Building Inspector of Milton*, 250 Mass. 52, 145 N. E. 265, 268; *City of Aurora v. Burns,*

319 Ill. 84, 149 N. E. 784, 788-9; *Junge's App. No. 2,* 89 Pa. Superior Ct. 548, 562) and was not done to *create a discrimination in their favor.* The enabling statute of May 6, 1929, P. L. 1551, on which the zoning ordinance must rest, declares (sec. 2) that regulations under the ordinance must be uniform for each class or kind of buildings, structures or land throughout each district. And this is in harmony with the general rule that the ordinance adopted under a zoning law must not be unreasonably discriminatory. While the City Council has broad powers in this respect, it has no right or authority to place restrictions on one person's property and arbitrarily and by mere favor remove such restrictions from another's property, there being no reasonable ground or basis for the discrimination. In *White's Appeal,* 85 Pa. Superior Ct. 502, 507, 508, affirmed 287 Pa. 259, 266, 134 A. 409, this court and the Supreme Court held that an ordinance was unreasonable and void which permitted unreasonable discrimination as to the distance that buildings must be set back from the street. On the general principle that a zoning ordinance must not be unreasonably discriminatory, see *Taylor v. Haverford Twp.,* 299 Pa. 402, 414, 149 A. 639; *Taylor v. Moore,* 303 Pa. 469, 478, 154 A. 799; and the leading cases of *City of Aurora v. Burns,* 319 Ill. 84, 149 N. E. 784, 788, and *Zahn v. Los Angeles,* 195 Cal. 497, 234 P. 388; and on the right of adjoining property owners to relief against such an unreasonably discriminatory ordinance, where they can show special damage and injury by the construction complained of, see *Michigan-Lake Building Corp. v. Hamilton,* 172 N. E. 710, 713, 340 Ill. 284; *Clifton Hills Realty v. City of Cincinnati,* 60 Ohio App. 443, 21 N. E. 2d 993, 997.

If the facts in this case even remotely resembled those in the Hollearn-Silverman case, we would be diligent in applying the principles announced in that case; but the facts are so different in every material respect

500

that we are of opinion that the principles governing that case do not apply to or rule this one.

The decree in No. 135 October Term 1940 is affirmed at the costs of the appellant.