## Phillips, Appellant, *v.* Griffiths.

Argued November 20, 1950. Before DREW, C. J., STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Roland J. Christy,* for appellants.

*Robert C. Kitchen,* with him *Wm. B. Farran,* and *Philips, Farran & McKeag,* for appellees.

OPINION BY MR. CHIEF JUSTICE DREW, January 2, 1951:

Plaintiffs, Clifford S. and Anna Thompson Phillips, have appealed from a decree of the court of Common Pleas, No. 7, of the County of Philadelphia, dismissing a bill in equity to enjoin the use of a coach house by defendants as a residence in violation of a zoning ordinance of the City of Philadelphia.

Prior to February, 1947, the coach house had been part of a larger estate adjoining plaintiffs' property. In that year the house and a small area of ground surrounding it were separated from the estate and conveyed to one Gessner who, in September, 1948, sold it to defendants, John E. and Mary F. Griffiths. They immediately made repairs and alterations with the intention of converting the house into a private dwelling and, in January, 1949, occupied it as their residence. The property is located in a section zoned class "A" residential and the applicable zoning regulations require that a property, which the owners desire to use as a private dwelling, have a rear yard 25 feet deep and side yards with a total width of 25 feet. Since defendants' rear yard is only 7 feet deep and the side yards together are but 14-½ feet wide, plaintiffs, in their bill, averred that defendants' present use of the coach house as a dwelling is a violation of the zoning ordinance and should be enjoined.

The learned chancellor found that the Board of Adjustment in June, 1947, had denied defendants' predecessor in title a variance from the terms of the zoning ordinance, when he sought to convert the coach house into a one family dwelling on the ground that the rear and side yards measurements did not meet the mini-

mum requirements of the zoning regulations. The chancellor also found that defendants had been warned by the original owner before they purchased the property to look into the zoning ordinance concerning the coach house and told him that they would be careful to do so. During the sale negotiations defendants were represented by one Williams, a real estate broker, who knew of the refusal of the Board of Adjustment to grant the variance in June to the former owner, and at the settlement by one Rosenbaum who examined all the papers and the building permit on defendants' behalf. Defendants did not apply to the Board of Adjustment for a variance before renovating the coach house nor at any time prior to the bringing of plaintiffs' bill.

As noted by the learned court below, defendants' present use of their property is a clear violation of the zoning ordinance and there is little that can be said, from the technical standpoint, in their behalf. Nor are the equities in defendants' favor since they purchased the property after a warning by the former owner and with full knowledge that their proposed use of it might be enjoined. However plaintiffs' bill was dismissed in the belief that the instant case was controlled by the opinion of this Court in the *Crawford Zoning Case*, 358 Pa. 636, 57 A. 2d 862, where we reversed a decree which dismissed an application for a variance by an owner who desired to convert a coach house in a class "B" residential section to a private dwelling. In that case, however, we were concerned solely with the question of whether the Zoning Board of Adjustment, and subsequently the Common Pleas Court of Delaware County, had abused its discretion in refusing to grant the variance. Here, however, defendants ask us to condone a deliberate violation of an ordinance of the City of Philadelphia in order that they might safeguard their investment in their property. Defendants do not contest the validity

of the law nor attempt to excuse their violation of it by stressing any equities they might feel are in their favor. They contend, instead, that this violation of the law should be overlooked because if they should now be required to take the correct procedural steps to obtain permission from the Board of Adjustment to use the coach house as a private dwelling, their petition would be granted on the authority of the *Crawford Zoning Case,* supra, and the result would be the same as that effected by the decision of the lower court. Therefore we should, argue defendants, affirm the lower court and thereby spare them further unnecessary litigation. However, if we were to accede to defendants' contentions we would also deny to plaintiffs a relief to which they are clearly entitled under all the facts.

The protection of property values is an incident of zoning laws and where an adjoining property owner can show that his property is damaged as a result of a violation of the zoning regulations, he has a right to appeal to the courts for aid in enjoining the continuing infraction of the laws: *DeBlasiis v. Bartell & Oliveto,* 143 Pa. Superior Ct. 485, 18 A. 2d 478. The learned chancellor found that plaintiffs had sufficient grounds to justify their petition for relief and defendants do not now dispute this conclusion. For this reason alone plaintiffs are clearly entitled to the relief prayed for. But furthermore, to deprive plaintiffs summarily, as defendants would have us do, of their right to have their property preserved from a loss in value because of the unlawful activities of defendants is not only unconscionable but contrary to the processes of law designed to prevent such possibilities and yet render justice to all parties. The Zoning Code provides a method, in the procedure prescribing the steps to be taken to obtain a variance, whereby the rights of all the parties concerned about a contemplated non-

permissive change in an adjoining property may be determined after a public hearing and a decision reached in the light thereof as to the propriety of granting a variance from the terms of the Code. This procedure is recognized as an adequate and just protection of the property interests of all the parties and must be followed where the relief, now sought by defendants, is desired.

The fact that the former owner of the coach house property was denied a variance when he attempted to make a private dwelling of the house is persuasive evidence that defendants are not justified in assuming they would experience no difficulty in obtaining a variance upon application. The granting of a variance in every case lies within the discretionary power of the Board of Adjustment and this Court will not set aside the Board's decision in the absence of an abuse of that discretion. Perhaps defendants would be able to introduce substantial evidence which, after a hearing of the arguments pro and con as to defendants' proposals, would persuade the Board of Adjustment to grant them the desired variance. However, there is not now before us in the present record a sufficient presentation of all the facts relevant to a determination of that issue, to convince us that defendants may persuade the Board to reconsider their former decision and grant defendants a variance.

Defendants are deliberately violating the provisions of the zoning ordinance applicable to their property and as a result thereof are wrongfully infringing on a property right of plaintiffs without justification or excuse.

Decree reversed and record remanded to the court below for a reinstatement of the bill of complaint and the entering of an appropriate decree granting the prayer thereof, consistent with this opinion.

Decree reversed.