## Shoemaker v. York Junior College

*Daniel W Shoemaker*, for plaintiff

*Thomas H Reed*, for defendant.

SHADLE, J., June 21, 1963.—Plaintiff by her original complaint sought to enjoin defendant from violating the terms of a special exception granted to it under a zoning ordinance, as well as from maintaining what plaintiff claimed constituted a nuisance. Defendant filed preliminary objections seeking a more specific complaint and also constituting a demurrer to the complaint. The demurrer was overruled, but the request for a more specific complaint was granted, with leave to plaintiff to amend. Plaintiff has filed an amended complaint which abandons the allegation of nuisance and seeks relief only for the alleged violation of the special exception under the zoning ordinance. Defendant has again filed preliminary objections in the nature of a demurrer and also requesting a more specific complaint.

Defendant maintains a junior college on its premises which lie not far from plaintiff's dwelling house, which is located on Dupont Avenue. Before the acts in ques-

tion, Dupont Avenue ran to a dead end at the edge of defendant's premises. Defendant sought and obtained a special exception under the applicable zoning ordinance for the purpose of constructing on its land certain buildings and parking lots. According to plaintiff's complaint, the special exception was granted subject to the conditions and restrictions that "a more direct alignment of the Country Club Road entrance to the parking lot should be shown (on the development plans), and that Dupont Avenue should have a barrier such as a gate or chain erected on it, and only be used as an entrance or exit on special traffic occasions."

Plaintiff alleges defendant has violated the special exception and conditions attached thereto by enlarging the parking lot beyond the planned limits, by closing off the Country Club Road entrance, by not erecting a barrier across Dupont Avenue, and by using that street as its only entrance and exit "for hundreds of cars." Plaintiff concludes her complaint by stating that she has been "personally affected and that the value of her property has been reduced." She seeks an injunction restraining defendant from using Dupont Avenue as an entrance and exit, and requiring it to erect across the same the prescribed barrier and to otherwise comply with the terms and conditions of the special exception.

Plaintiff proceeds on the mistaken assumption that she is entitled to equitable relief merely by showing that defendant has violated applicable zoning regulations. This is not the law, as a reading of the case cited and referred to in our prior opinion on preliminary objections clearly shows.

". . . adjoining property owners, *who are or will be damaged* by a construction in violation of a zoning ordinance, duly enacted, have such a substantial interest in the enforcement of the zoning restrictions as to make them proper parties in a suit to compel their

observance and for injunctive relief in equity": De Blasiis v. Bartell and Oliveto, 143 Pa. Superior Ct. 485, 492 (1940). (Italics supplied.)

"The protection of property values is an incident of zoning laws and where an adjoining property owner *can show that his property is damaged* as a result of a violation of the zoning regulations, he has a right to appeal to the courts for aid in enjoining the continuing infraction of the laws. . ." Phillips v. Griffiths, 366 Pa. 468, 471 (1951). (Italics supplied.)

Plaintiff has no more abstract right than any other citizen to enforce in equity the zoning regulations of the municipality in which she lives. Her right to enter the courts for this purpose must be predicated on *damage to her or her property* as a result of violation of the regulations. In this connection, she alleges only that she "has been personally affected and that the value of her property has been reduced." These are mere conclusions. As we observed in our prior opinion, defendant is entitled to know *what* it is that "affects" plaintiff and reduces her property value, and *how* it "affects" her and her property, *to what extent* it has such an effect, and that the effect is such as to warrant equitable relief. The allegations as stated do not meet the requirements of Pa. R. C. P. 1019(a), that "The material facts on which a cause of action . . . is based shall be stated . . ."

Plaintiff having previously had an opportunity to amend, we shall allow her one more attempt to sufficiently state a cause of action.

### Order

And Now, June 21, 1963, defendant's preliminary objections are sustained. Leave is granted to plaintiff to file a second amended complaint within 20 days from this date. An exception is noted for defendant.