## Kunkle, Appellant, *v.* Zaleski.

Argued March 23, 1965. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

632

*Leonard J. Paletta,* for appellant.

*Daniel J. Snyder,* with him *Pershing, Snyder and Ciarimboli,* for appellees.

OPINION BY MR. JUSTICE COHEN, April 20, 1965:

To the within complaint in equity the defendants filed a preliminary objection in the nature of a demurrer; the lower court sustained the demurrer and dismissed the complaint.

The City of New Kensington established its own planning commission and adopted the county land subdivision regulations as its own. The City recorded a plan of lots without the prior approval of the county planning commission. Without indicating our approval or disapproval of the procedure followed here, the action of the lower court in sustaining the demurrer must be affirmed.

Plaintiff has not pled any specific damage or injury to his property that would entitle him to equitable relief. The enforcement of zoning restrictions is reserved to those who are or will be damaged by their lack of observance. Even an adjoining property owner is required to show that his property is damaged as a result of a violation of the zoning regulation before he has a right to appeal to the courts for aid in enjoining the continuing infraction of the law. *Phillips v. Grif-*

*fiths,* 366 Pa. 468, 77 A. 2d 375 (1951) ; *Shoemaker v. York Junior College,* 30 Pa. D. & C. 2d 750 (1963).

No damage to the property of plaintiff-appellant is shown and none is alleged hence, plaintiff has no standing to institute this action.

Decree affirmed at appellant's cost.

Mr. Justice MUSMANNO dissents.