Burne, Appellant, *v.* Kearney.

Argued September 29, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph E. Gallagher,* with him *O'Malley, Morgan, Bour & Gallagher,* for appellants.

*James W. McNulty,* with him *William J. Kearney,* for appellees.

OPINION BY MR. JUSTICE JONES, January 20, 1967:

James P. Burne and Mary Burne, his wife (appellants), own a dwelling house in Dunmore, Lackawanna County. Diagonally across the street from appellants' property is a property owned by Frank H. Kearney, Mary Kearney and Thomas Kearney (appellees), which property is being used for funeral home purposes

which use is advertised by an electrically illuminated business sign located in the front yard of the property.

Under a Dunmore zoning ordinance of 1942 the district in which both properties are located is designated as an "A" zone intended primarily for residential purposes and on a map which is part of the Dunmore zoning ordinance of 1963 the district is designated as an R-1a district intended for "single-family residential urban" use.

Appellants instituted an action in equity against appellees in the Court of Common Pleas of Lackawanna County to (a) enjoin appellees' use of their property as a funeral home and (b) enjoin appellees' violation of the zoning ordinance of 1963. Appellees, alleging the existence of an adequate remedy under the zoning ordinance and an usurpation of the rights of the borough to enforce the ordinance, by preliminary objections challenged the jurisdiction of equity.

The court below upheld the preliminary objections and dismissed appellants' complaint. The rationale of the ruling of the court below was that the medium for testing the validity of the zoning ordinance or the method of its administration is within the procedural framework of the ordinance and not in equity.[1]

*Appellants do not challenge the validity of the ordinance*; on the contrary, appellants take the position that the ordinance is valid and seek to have its provisions enforced.

To the general rule that zoning ordinances provide adequate procedural remedies for testing their validity and application and that equity will not lie in such

---

[1] The court below relied on the line of cases represented by *Jacobs v. Fetzer*, 381 Pa. 262, 112 A. 2d 356 (1955); *Pittsburgh Outdoor Advertising Co. v. Clairton*, 390 Pa. 1, 133 A. 2d 542 (1957); *Bliss Excavating Co. v. Luzerne County*, 418 Pa. 446, 211 A. 2d 532 (1965).

field, our appellate courts, on at least three occasions,[2] have permitted equity to lie in certain restricted and limited situations and, to that extent, have engrafted an exception on the general rule. In *De Blasiis v. Bartell and Oliveto,* 143 Pa. Superior Ct. 485, 492, 18 A. 2d 478 (1941), *Phillips v. Griffiths,* 366 Pa. 468, 77 A. 2d 375 (1951) and *Kunkle v. Zaleski,* 417 Pa. 631, 208 A. 2d 840 (1965), our courts have recognized a right in an adjoining or nearby property owner to seek the aid of equity to enforce the provisions of a zoning ordinance allegedly being violated by a neighboring property owner. However, the teaching of *De Blasiis, Phillips* and *Kunkle* is that, as a prerequisite to the attachment of equity jurisdiction, the adjoining or nearby property owner must aver—and later prove—that the alleged violation of the zoning ordinance has resulted in an injury not common to all the neighboring property owners but "special and peculiar" to his property.[3]

Evaluating, as we must in determining equity jurisdiction in the case at bar, that which appellants have averred in their complaint as to injury "special and peculiar" to their property, we find that such averments

---

[2] Cf. *McCann v. McCabe,* 300 Pa. 35, 149 A. 832 (1930) where this Court, in the absence of a showing that the use of premises as a funeral home constituted a nuisance, held that equity could not be invoked merely to prevent a violation of a zoning ordinance. See also: *Heinl v. Pecher,* 330 Pa. 232, 198 A. 797 (1938) which held that where property owners are able to show special damages to their property by reason of the use of a contiguous property for an incinerator plant in violation of a building ordinance, equity will lie.

[3] As the court said in *Shoemaker v. York Jr. College,* 30 Pa. D. & C. 2d 750 (1963): "Plaintiff has no more abstract right than any other citizen to enforce in equity the zoning regulations of the municipality in which she lives. Her right to enter the courts for this purpose must be predicated on *damage to her or her property as a result of violation of the regulations*" (at page 752).

do not meet the standard required by our case law.[4] On the contrary, the injury averred may well be common to all the property owners in the neighborhood of this funeral home.

The decree of the court below is vacated with leave to appellants to amend their complaint if they can, by the averment of facts[5]—not conclusions,—that they have suffered and are suffering an injury "special and peculiar" to their property.

Record remanded. Each party to pay own costs.

_____

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent.

I believe the plaintiff home owner has and should have a standing in equity to challenge the legality of a funeral home in this zoning district and that such standing is not and should not be limited to those property owners who have an injury "special and peculiar" to his property or their properties. An outstanding example would be a suit to enjoin a nuisance.

Even more relevant and important, the zoning ordinance of the Borough of Dunmore, Lackawanna County, pertinently and controllingly provides: "*7.901 Initiation of Appropriate Action.* In case any building or structure is erected, constructed, reconstructed, altered, repaired, converted, or *maintained,** or any building, structure or land is used in violation of this Ordinance, or of any ordinance or regulation made under authority

_____

[4] By analogy to our case-law dealing with zoning, diminution in value of a property per se, does not equate the requisite "special and peculiar" injury to property. See: *Hollearn v. Silverman*, 338 Pa. 346, 12 A. 2d 292 (1940); *Kerr's Appeal*, 294 Pa. 246, 144 A. 81 (1928); *Boyle Appeal*, 179 Pa. Superior Ct. 318, 116 A. 2d 860 (1955).

[5] "The material facts on which a cause of action . . . is based shall be stated." Pa. R. C. P. 1019(a).

* Italics throughout, ours.

conferred hereby, the Zoning Official, or other proper enforcement official or *any citizen of the Borough, in addition to other remedies, may institute any appropriate action of proceedings to prevent such* unlawful erection, conversion, *maintenance* or use, to restrain, correct, or abate such violation within 10 days and to prevent the occupancy of said building, structure to land, or to prevent any illegal act, conduct, business or use in or about such premises."

For each of these reasons, I dissent.