## Fox v. Township of Williams

*Philip Lauer,* for plaintiffs.
*D. Hemphill,* for defendants.

FRANCIOSA, J., September 3, 1974.—This action in mandamus was brought by plaintiffs, Leroy C. Fox and Alma K. Fox, to compel the Township of Williams and Richard O. Carty and Lois A. Carty

to observe certain zoning restrictions. The township permitted the Cartys to locate a mobile home in an R-15 medium density residential district.[1] According to plaintiffs, adjoining property owners to the Cartys, they are, or will be, damaged by this lack of observance of the applicable zoning regulations.

In furtherance of judicial economy, the parties have agreed that the court should go on and decide the merits of the case on the equity side of the court if the mandamus action does not lie. Additionally, it was stipulated that the evidentiary hearing of February 23, 1973, would suffice as the record for disposition of the matter whether it be by mandamus or a decree in equity.

Initially, we note that equity affords a proper remedy to an adjoining or nearby property owner seeking to prevent the violation of a zoning ordinance. See Phillips v. Griffiths, 366 Pa. 468, 77 A. 2d 375 (1951); and DeBlasiis v. Bartell & Oliveto, 143 Pa. Superior Ct. 485, 18 A. 2d 478 (1941).

Since mandamus is an extraordinary writ which lies only in the absence of any other appropriate and adequate remedy, the availability of relief in equity requires us to dismiss the mandamus action. See Unger v. Hampton Township, 437 Pa. 399, 263 A. 2d 385 (1970); also, Riccardi v. Board of Adjustment, 394 Pa. 624, 149 A. 2d 50 (1959).

Turning to the merits of a disposition in equity, we find that plaintiffs have not carried the burden of proof imposed upon them. In order to be successful in an equity action to enforce the provisions of a zoning ordinance, an adjoining or nearby property owner must aver, and later prove, that the alleged

---

[1] In an R-15 district, residential uses are restricted to "single-family detached dwellings."

violation of the zoning ordinance has resulted in an injury not common to all the neighboring property owners but "special and peculiar" to his property. See Burne v. Kearney, 424 Pa. 29, 225 A. 2d 892 (1967).

In reviewing plaintiffs' testimony, we find the mere assertion that the mobile home has been placed in a "very lovely wooded area . . . I think it depreciates all our properties." We hold that the injury of which the plaintiffs complain, by their own admission, is common to all the neighboring property owners. Therefore, plaintiffs are attempting to remove a "common injury" rather than one "special and peculiar" to their property. Such proof does not meet the standard required by our case law.[2]

Because it appears to us that the location of the mobile home is contrary to the township's zoning ordinance, we hasten to point out that there are ways to end the violation. First, the MPC[3] provides a municipality with adequate enforcement powers to restrain a violation of its zoning ordinance. Moreover, Williams Township has very explicit enforcement provisions set forth in section 1062 of its zoning ordinance. Thus, the enforcement decision must be left to those township officials in whose hands the municipal residents have entrusted the duty.

Therefore, we enter the following:

---

[2] By analogy to our case law dealing with zoning, diminution in value of a property per se does not equate the requisite "special and peculiar" injury to property. See Hollearn v. Silverman, 338 Pa. 346, 12 A. 2d 292 (1940); Kerr's Appeal, 294 Pa. 246, 144 A. 81 (1928); Boyle Appeal, 179 Pa. Superior Ct. 318, 116 A. 2d 860 (1955).

[3] See Municipalities Planning Code Act of July 31, 1968, P. 2, 805, sec. 617, 53 PS §10617.

## DECREE NISI

And now, September 3, 1974, in accordance with the foregoing opinion, it is ordered, adjudged and decreed as follows:

1. That plaintiffs' complaint in mandamus is denied and dismissed as being an inappropriate remedy.

2. That plaintiffs have not demonstrated an injury "special and peculair" to their property; therefore, the alternative request for relief in equity is without merit, and such relief is refused.

3. The parties are to bear their respective costs.

4. The prothonotary shall give notice to the parties or their counsel of record of the entry of this opinion and decree nisi and, if no exceptions are filed within 20 days thereafter, this decree nisi shall be entered as the final decree by the prothonotary.