## Gillott v. Lower Nazareth Township

*Theodore R. Lewis,* for plaintiffs.
*Cregg Mayrosh,* for defendant.

WILLIAMS, JR., *P.J.,* July 6, 1983 — This is an action in equity to enjoin Lower Nazareth Township (defendant) from enforcing Township Ordinance No. 77 against plaintiffs. The matter was heard without a jury before Williams, Jr., P.J. This adjudication is entered pursuant to Rule 1517 of the Pennsylvania Rules of Civil Procedure.

### ISSUES

1. Whether plaintiffs have established the existence of a non-conforming use.

2. Whether the pending ordinance doctrine applies to restrict the construction of plaintiffs' fence.

### FINDINGS OF FACT

1. Plaintiffs are the owners of property located in Lower Nazareth Township. Plaintiffs purchased this property, which is located in a residential area, on October 16, 1978.

2. In May of 1981, plaintiffs decided to erect a fence enclosing their yard. They were advised by a township zoning officer, Mr. Linford Huhn, that a permit was unneccessary since the township had no ordinance regulating the construction of fences. Plaintiffs then erected a "temporary" wire fence along most of the two boundaries.

3. In April of 1982, plaintiffs decided to replace the wire fence with one of a more permanent character. At that time Mr. Huhn again informed plaintiffs that a permit was not required as the township had no fence ordinance.

4. Plaintiffs purchased the materials necessary for the construction of a permanent fence, placed them on the property, and during the course of eight hours on May 22, 1982, excavated 16 post holes along the perimeter of their yard. The fence is approximately six inches from adjacent properties in the same location as the wire fence.

5. Plaintiffs' easterly neighbor expressed her displeasure with the placement of the fence line. Thereafter, on two separate occasions, plaintiffs observed Mr. David Schultz, a Lower Nazareth Township Supervisor, at the home of their easterly neighbor.

6. On May 26, 1982, the township supervisors held a public meeting at which the passage of a fence ordinance was discussed. Mr. Gillott attended the meeting and informed the supervisors of the time and money thus far expended for the construction of a fence. Defendant's solicitor advised Mr. Gillott to refrain from further construction and to "write off" his work performed to date. By a 2-1 vote, the supervisors decided to adopt a fence ordinance. They instructed the township solicitor to advertise the intent to pass such an ordinance.

7. The Township Ordinance No. 77 was first advertised on June 1, 1982 and finally enacted on June 30, 1982. The ordinance requires that a fence be set back 18 inches from the property line. Plaintiffs' fence is set back six inches from the boundary lines. In addition, between 1978 and 1980 plaintiffs planted various shrubs and trees to three feet from the property line, many of which would be destroyed if the fences were 18 inches from the line.

8. Between May 22 and 26, 1982, plaintiffs devoted an additional 20 hours of work on the fence.

9. After receiving a letter from defendant's solicitor on July 28, 1982, plaintiffs ceased all further construction of the fence.

10. In August of 1980, defendant's solicitor had drafted a fence ordinance. This ordinance was never advertised or adopted.

## DISCUSSION

Plaintiffs instituted this action in equity to enjoin defendant from enforcing Township Ordinance No. 77 to prevent completion of their fence. Under the facts of this case equitable jurisdiction is not disputed. See Burne v. Kearney, 424 Pa. 29, 225 A.2d 892 (1967).

Plaintiffs argue that since construction began and was substantially completed prior to the enactment of any regulatory fence ordinance, they have established the existence of a non-conforming use. Further, plaintiffs assert that the pending ordinance doctrine does not mandate a different result. On the other hand, defendant contends that plaintiffs' actions taken prior to the passage of the fence ordinance were sufficient to establish the existence of a valid non-conforming use and that the pending ordinance doctrine operates to bind plaintiffs to the fence ordinance.

Initially, it should be noted that plaintiffs bear the burden of establishing a non-conforming use and must demonstrate that such use preceded the proscriptive zoning regulation allegedly violated. Nassif v. Board of Adjustment of the City of Pittsburgh, 64 Pa. Commw. 15, 438 A.2d 1039 (1982). They must establish something beyond a more contemplated use. It has been held that "only physical evidence manifested in the most tangible and palpable form" can establish a non-conforming use. Cook v. Bensalem Township Zoning Board of Adjustment,

413 Pa. 175, 179, 196 A.2d 327, 330 (1960). Defendant contends that plaintiffs' actions prior to the effective date of the fence ordinance are "but the slightest manifestation of plaintiffs' ultimate idea."* We disagree.

The uncontroverted evidence adduced at trial established that plaintiffs had built a fence in this location in May of 1981, more than one year prior to the enactment of Ordinance No. 77. Relying upon the zoning officer's representation that there were no fence regulations, plaintiffs erected a temporary wire fence. In April of 1982, after again consulting with defendant's zoning officer, plaintiffs began construction of a permanent fence. They purchased materials, rented excavation equipment and spent in excess of twenty hours erecting the fence. These actions all occurred prior to plaintiffs' receiving any notice whatever that defendant was considering the passage of the ordinance at issue. In Cook v. Bensalem Township Zoning Board of Adjustment, supra, the court held that a non-conforming use is established where the premises are utilized in such a manner that they are known in the neighborhood as being employed for a given purpose. Here plaintiffs' fence on the boundary line was open and notorious for more than a year. It should be noted that the ordinance does not prohibit the construction of fences. Rather, it establishes a setback requirement of eighteen inches from adjacent property lines. Thus, the violation at issue is not the fence itself, but its location. Based upon the foregoing, we conclude that plaintiffs took substantial steps to complete the fence prior to the effective date of the ordinance and have met their burden of establishing a

---

* See defendants brief at 6.

non-conforming use for a fence on the boundary line.

Defendant nevertheless argues that since some construction of the new fence took place during the pendency of Ordinance No. 77, the pending ordinance doctrine renders plaintiffs' construction unlawful. That doctrine provies that under certain circumstances a municipality may properly refuse a land use which is repugnant to a pending, and subsequently enacted, zoning ordinance even though application was made when the intended use conformed to existing regulations. Honeybrook Township v. Alenovitz, 430 Pa. 614, 243 A.2d 330 (1968). The pending ordinance doctrine was judicially created to protect municipalities from the establishment of nonconforming uses on the eve of zoning changes. Washington Township v. Slate Belt Vehicle Recycling Center, Inc., 58 Pa. Commw. 620, 428 A.2d 753 (1981). Defendant apparently relies on the fact that a similar ordinance was drafted, but not advertised or adopted, in August of 1980 and therefore plaintiffs were on notice of the prohibited use. This reliance is misplaced.

It is clear that a zoning ordinance is "pending" only when the municipality has resolved to consider a particular scheme of rezoning and has advertised to the public its intention to hold hearings on the rezoning. Boron Oil Co. v. Kimple, 445 Pa. 327, 284 A.2d 744 (1971). Thus, a fence ordinance was not "pending" until June 1, 1982. As indicated above, plaintiffs had, as of that date, expended substantial time, money and labor toward the completion of the fence. We are not here presented with the typical case where an individual hurriedly commences implementation of a use to avoid the effect of a proposed ordinance. On the contrary it seems clear that

the township adopted the ordinance with specific aim at plaintiffs.

It is beyond dispute that an ordinance cannot be enacted to prevent an individual property owner from making a previously permitted use of his land. Yocum v. Power, 398 Pa. 223, 157 A.2d 363 (1960). The court in Yocum stated: "As nothing can be more unjust in criminal law than an ex post facto law, so nothing is more frowned on in civil law than a procedure which has the effect of making illegal what the law has already recognized as legal." Id. at 227, 157 A.2d 366. A zoning ordinance enacted for the purpose of preventing a theretofore lawful use of a particular piece of property is special legislation, unjustly discriminatory and confiscatory in its application. Linda Development Corp. v. Plymouth Township, 3 Pa. Commw. 334, 281 A.2d 784 (1971).

## CONCLUSIONS OF LAW

1. Equity has jurisdiction.

2. Plaintiffs have established the existence of a valid non-conforming use prior to the enactment of Township Ordinance No. 77.

3. The pending ordinance doctrine is inapplicable.

## DECREE NISI

And now, this July 6, 1983, Lower Nazareth Township is enjoined and prohibited from enforcing Ordinance No. 77 as it applies to the plaintiffs.

The prothonotary is directed to give notice of the foregoing adjudication and decree nisi to counsel for the parties. If no exceptions are filed within ten days from the date of this decree nisi, the decree nisi shall be entered by the prothonotary, on praecipe, as the final decree.