## Zaengle et al. v. Buckius, District Engineer, et al.

*George A. Shutack*, for plaintiffs; *L. C. Scott*, for defendants.

JONES, J., eleventh judicial district, specially presiding, December 5, 1933.— The bill avers that plaintiffs are owners of land located on the outskirts of the Village of Nesquehoning, Carbon County, abutting on the north side of State highway route 209, leading from Mauch Chunk to Nesquehoning.

The Village of Nesquehoning receives its water supply from the Panther Valley Water Company and supplies the residences immediately south and west of plaintiffs' lands. After use, the water is discharged in the form of sewage, waste, and drain water in a gutter on the south side of said State highway, continues in an easterly course along the southerly side of the highway, and enters a culvert which conducts it to the north side of the highway within a short distance of plaintiffs' property.

The Secretary of Highways, in October 1933, entered into a contract with Kolyn Construction Company, one of defendants, for reconstruction of said highway at a point on the outskirts of and through the Village of Nesquehoning, and the contractor has commenced work under the supervision of the other defendant, C. H. Buckius, district engineer for the State Highway Department. This is an application for a preliminary injunction to restrain the defendants from laying culverts or storm sewers from the south side of the highway to the north side, in front of plaintiffs' property, contending that if such culverts are constructed it will impose upon plaintiffs' land the burden of carrying off not only the surface water originating on the south side of the highway but also house, wash, and sewage waters from the several residences in that vicinity; that under a plan of storm sewers for the Village of Nesquehoning adopted on October 13, 1933, by the supervisors of the township, the drainage of that southern portion of the State highway in the vicinity of plaintiffs' property is taken care of by proposed sewer pipes, thus making it absolutely unnecessary to construct a culvert across the highway as contemplated.

The contract between the State and the contractor was entered into in October (the date not given), and it is not averred whether the plan of the supervisors was adopted prior to or subsequent to the contract.

C. H. Buckius, district engineer of the State Highway Department, filed a petition raising the question of jurisdiction under the Act of March 8, 1925, P. L. 23, upon the ground that plaintiffs are seeking to enjoin and restrain petitioner, as district engineer of said Highway Department, from proceeding under a contract between the Secretary of Highways of the Commonwealth and Kolyn Construction Company for the construction of section no. 4 of route no. 162 of State highways, and that under the provisions of the Act of May 26, 1931, P. L. 191, which provides that all actions at law or in equity, by which it shall be sought to compel a State officer to perform or to restrain him from performing any official act in the execution of the laws of the Commonwealth, shall be instituted in the Court of Common Pleas of Dauphin County, jurisdiction of all such actions is conferred upon that court, and therefore this court is without jurisdiction of the defendants.

It must be conceded that the Commonwealth cannot be made a defendant in a suit either at law or in equity without its consent, and indirectly this is a suit against the Commonwealth. It attempts to enjoin the construction of a part of a State highway, and even though Buckius may not be a State officer or the head of an administrative department, as contended by plaintiffs, yet as district engineer of district no. 5 of the State Highway Department he may be deemed a chief executive officer of an administrative board under the State Highway Department and at least should be considered so when the real purpose of the proceedings is to restrain the Secretary of Highways, even though not named, from constructing a section of a State highway; but even if Buckius should not come within the term of State officer under the act, to restrain him who has no authority other than supervision would be useless, because the work would still go on under the direction of the Secretary of Highways. The fact that Kolyn Construction Company is joined as a defendant would not confer jurisdiction, since the real purpose of the bill is to modify and change the specification of the State highway contract.

The question of jurisdiction in a similar case was determined in Downs et al. v. Lewis, Secretary of Highways, et al., 17 D. & C. 427, wherein it was held that whether a suit is one against the Commonwealth is not to be decided solely by reference to the nominal parties; the test is whether defendant represents the Commonwealth in action and liability, so that a judgment for plaintiff will

operate to control the action of the Commonwealth or to subject it to liability; and it decides that an action against the Secretary of Highways to prevent the construction of a section of State highway, on the ground that he has no authority to do the work, is within the scope of the act, and may not be brought except in the Court of Common Pleas of Dauphin County. This is a well-considered opinion, which we adopt as the law in this case, and hold that the Court of Common Pleas of Dauphin County has sole jurisdiction of this action.

Courts cannot interfere where municipal corporations exercise their unquestionable powers, even though unwisely: Wharton et al. v. School Directors of Cass Twp. et al., 42 Pa. 358; and surely not in the absence of fraud or bad faith or palpable abuse, nor will the court consider matters which involve only questions as to judgment, wisdom, and policy of municipal or State officers. To interfere in a case of this kind would throw the affairs of the State into endless confusion, and the proper functions of the State officers would, to a large degree, devolve upon and be assumed by the courts. We regard the State authorities as the repository of all the power that is needed to deal with such questions as herein involved: Glover et ux. v. Philadelphia et al., 304 Pa. 466.

Even if we were to deem that the conduct of defendants in refusing to change the culvert might produce a nuisance, not necessarily public, but private to the plaintiffs, yet the courts will not assume that this culvert will be a nuisance or become a nuisance sometime in the future: Ayars v. Wyoming Valley Homeopathic Hospital et al., 274 Pa. 309.

Now, December 5, 1933, plaintiffs' bill is dismissed, the Court of Common Pleas of Carbon County having no jurisdiction, and plaintiffs are referred to the Court of Common Pleas of Dauphin County, which has sole jurisdiction of the matter.                    Jacob C. Loose, Mauch Chunk, Pa.