## Blatt et ux. v. Schmidt et al.

J. *Franklin Nusbaum*, for petitioners.

G. *Coe Farrier*, assistant city solicitor, and *Lester L. Dolfman*, for defendants.

BOK, P. J., May 14, 1943.—Plaintiffs ask for a declaratory judgment to declare a zoning ordinance invalid. We have decided that they can't have it.

Their homes abut the unimproved corner of defendant Schmidt, who during the spring and summer of last year petitioned city council to change the zoning classification of the neighborhood from "D" residential to "A" commercial. Hearings were held before the zoning board of adjustment. At first the change was disapproved but a few months later it was approved after a rehearing, and an ordinance was passed to this effect by city council.

Plaintiffs now allege that the ordinance is unconstitutional because of technical defects in its passage, because it has depreciated the value of their properties, and because a long list of possible uses under "A" commercial has rendered the locality undesirable for residence.

Defendants challenge our right to give a declaratory judgment under these circumstances, for two reasons: First, that plaintiffs have not followed their statutory remedy; and second, that there is no recognizable controversy.

Both of these reasons raise the broad question of whether this is the kind of situation entitling plaintiffs to relief under the Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831 et seq., as amended by the Act of April 25, 1935, P. L. 72, 12 PS §836 et seq.

Plaintiffs contend that since the act itself says that "Any person . . . whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance . . . and obtain a declaration of rights, status, or other legal relations thereunder", they are entitled to relief. They cite Taylor v. Haverford Township, 299 Pa. 402 (1930), and Moore v. Moore, 344 Pa. 324 (1942).

In the Taylor case the Supreme Court approved relief by declaratory judgment because of the special circumstances of the case—namely, that plaintiff had to petition for a change of classification from one section of the ordinance to another and hence could not attack the validity of the same ordinance under which he was seeking relief: hence he was not confined to the Zoning Act of May 6, 1929, P. L. 1551, for relief. In Taylor v. Moore, 303 Pa. 469, 477 (1931), the case of Taylor v. Haverford Township was declared to rest on exceptional circumstances and the Supreme Court said that "the rule we have stated must apply, notwithstanding anything said in that case"; the stated rule was that "all questions involved in zoning ordinances . . . must be heard and considered under the remedy provided by the Zoning Acts of assembly". The court also referred to the Act of March 21, 1806, 4 Sm. L. 326, sec. 13, providing that a statutory remedy or method of procedure is exclusive and must be followed, citing Curran v. Delano, 235 Pa. 478 (1912).

In addition to this, the Declaratory Judgments Act amendment of 1935 expressly states in section 1 that "Where . . . a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed . . ."

The Zoning Act of May 6, 1929, P. L. 1551, sec. 8, 53 PS §3829, outlines the remedy to be followed—namely, by appeal or certiorari to a court of record within 30 days. This has been construed in Huebner et ux. v. Philadelphia Saving Fund Society et al., 127 Pa. Superior Ct. 28 (1937), where the court said that, although the Zoning Act is silent on the right to appeal from the action of city council, the zoning board of adjustment is only an agency of city council and hence an appeal lies to the courts from the passage of an offending ordinance. The method used in that case was a bill in equity. The Huebner case was, however, "disapproved" by the Supreme Court in Hollearn et al. v. Silverman et al., 338 Pa. 346 (1940). The court there said in a footnote that there is in Pennsylvania no such summary procedure as a writ of certiorari by which to attack an ordinance, and that generally equity will not enjoin one unless other equitable circumstances can be shown. Since the Hollearn case, the Superior Court decided DeBlasiis et al. v. Bartell et al., 143 Pa. Superior Ct. 485 (1941), which was on a bill in equity, and distinguished it from the Hollearn case.

The law is, therefore, not clear whether there is a statutory remedy to be pursued under the Zoning Act, or whether an aggrieved citizen must depend wholly upon equity and declaratory judgment procedure in order to secure relief under a zoning ordinance. It is evident that either remedy could be resorted to in a proper case.

We do not consider this to be a proper case for declaratory judgment relief. Plaintiffs rely on Moore v. Moore, supra. That case involved an antenuptial agreement, a construction of which was needed because without one the wife could not make a will with certainty: since no actual controversy under the agreement could arise until she died, the Supreme Court decided to grant relief. That is a different kind of case from the one before us. Our plaintiffs have not

been hurt. So long as the present situation continues and nothing else happens, no harm will come to them. In the Moore case a continuance of the situation was the very thing that did bring harm. Plaintiffs' allegation of damage is that the change in classification has depreciated the value of their properties and rendered them undesirable as residences: this allegation appears to rest upon the possible uses to which defendant Schmidt may put his lot under "A" commercial, a formidable list of which appears in the petition. But it has been held in the Haverford Township case and in the cases there cited that reduction in value does not of itself render the ordinance confiscatory. And so far Schmidt has not in fact availed himself of any of the listed uses. If he erects a nuisance the ordinance won't help him, as the Hollearn case pointed out.

Plaintiffs contend that the Act of 1935 widens the scope of declaratory judgments and authorizes their use in three alternative situations:

1. Where an actual controversy exists. (None does here.) 2. Where antagonistic claims are present which indicate imminent and inevitable litigation. (Only the plaintiffs are claiming anything.) 3. Where in any such case one party aserts a legal relation or status which is denied. (This relates back to the first two classes because of the words "in such case": nothing is as yet asserted or denied.)

At most there is a difference of opinion or a disagreement over policy. An ordinance may result in a controversy or in litigation, but not inevitably. Whether this one causes an actual dispute remains to be seen when Schmidt or some other neighbor asks for a permit for an "A" commercial use or takes a similar step. At this time plaintiffs have no more reason to ask for relief than Schmidt would have had if city council had refused to pass the ordinance and he had claimed that "D" residential uses had kept depressed the value of his unimproved lot.

The petition is accordingly dismissed.