## Seeney v. Dintenfass, Inc.

*S. Walter Foulkrod, Jr.,* for plaintiffs.

*Abraham L. Freedman,* City Solicitor, *Reuben Cohen, Matthew W. Bullock, Jr.,* Assistant City Solicitors, for defendants.

MacNEILLE, P. J., January 26, 1955.—Plaintiffs instituted this equity action seeking, inter alia, to have a certain zoning ordinance of the City of Philadelphia declared unconstitutional and void. Defendants have filed certain preliminary objections to the complaint which are now before us for disposition.

Plaintiffs aver in their complaint that they are owners of certain tracts of land adjacent to or in the immediate vicinity of a tract of land owned by defendant Daniel A. Dintenfass, Inc., that at the time they acquired title to their respective tracts the entire

area, including defendant's tract, was zoned class "A" residential. On August 11, 1954, defendant mayor approved an ordinance enacted by the City Council of Philadelphia as Bill No. 133 amending the ordinance of August 10, 1933, known as the Philadelphia Zoning Ordinance and Zoning Maps. By this amending ordinance defendant corporation's tract of land was changed from class "A" residential to partly class "B" residential and partly class "Shopping Center."

Plaintiffs allege that they purchased their respective tracts of land in reliance upon the class "A" residential classification, that the area surrounding the reclassified tracts has been continuously, since 1933, classified as class "A" residential, that at the time the amending ordinance was before the committee on municipal development and zoning of city council, protests were voiced by plaintiffs and a large number of owners in the immediate vicinity. Plaintiffs aver that city council and defendants "acted in concert and design for unlawful and illegal purpose of downgrading the plaintiffs' tracts of land" to their detriment and for the unlawful purpose of enabling defendant corporation to obtain unconscionable profits, that the amending ordinance violates the purpose and intent of the 1933 zoning ordinance in that the changes effected were arbitrarily and capriciously made and constituted an unnecessary discriminating and unreasonable interference with plaintiffs' ownership of their lands, that the zoning reclassification will deprive plaintiffs of the peaceable enjoyment of their properties, will cause annoyance and distress and will occasion an increase of vehicular traffic in plaintiffs' area. Plaintiffs further averred that there is no local or general need for the type of buildings authorized by the amending ordinance, that such amendment is special legislation contrary to the provisions of the Pennsylvania Constitution and that the change made is an

unnecessary and capricious abuse of power by city council, having no relations to the public good, welfare and interests, being for the sole benefit and profit of defendant, Daniel A. Dintenfass, Inc.

Plaintiffs prayed that the amending ordinance be declared unconstitutional, null and void; that the proper officials of defendant city be directed to reclassify the changed area on the zoning map of the City of Philadelphia as class "A" residential; that defendant corporation be enjoined from applying for a permit from the department of licenses and inspections for use of its property in any manner other than permitted in an "A" residential area; that defendant corporation be enjoined from constructing buildings other than those permitted in an "A" residential area; that defendant municipal officials be enjoined from issuing permits under the amending ordinance, and that the city planning commission be restrained from filing a copy of the amending ordinance in the office for the recording of deeds or the commission of records or from changing the zoning maps to reflect the amending ordinance.

Defendant city filed three preliminary objections to the complaint: (1) That the complaint does not set forth a cause of action in equity; (2) that plaintiff has a full, complete and adequate remedy at law under the procedures provided for by the Zoning Act of May 6, 1929, P. L. 1551, 53 PS §3829 et seq.; (3) that the remedy under the zoning law is an exclusive remedy and that an equity action cannot be substituted for an appeal from the action of the department of licenses and inspections to the zoning board of adjustment. The private corporate defendant also filed four preliminary objections to plaintiffs' complaint which are the same as the city's objections.

We have concluded that the availability of the remedy set forth in the Zoning Act of 1929 precludes

the maintenance of this action. In the recent case of Shender v. Philadelphia, 375 Pa. 596 (1954) an action in equity was instituted for the purpose of voiding an amendatory zoning ordinance wherein a certain tract of land had been rezoned by city council. The Supreme Court, in a per curiam opinion, affirmed an order of dismissal on the opinion of Judge Crumlish for the lower court. Judge Crumlish stated, pages 597-98:

"The sole question to be answered is whether plaintiff may proceed in Equity or is he restricted to his statutory remedy. Plaintiff relies strongly on Heubner v. Phila. Sav. F. Society, 127 Pa. Superior Ct. 28 (1937), and the cases which follow it. In the Heubner case it was held that a court of equity had jurisdiction where the validity of an ordinance changing a zoning classification of a lot was questioned. However, in Hollearn v. Silverman, 338 Pa. 346 (1940), the Heubner case was overruled, and it was there held, at page 350, 'The ordinance of 1933 fixing the boundaries of the zones did not result in a contract with plaintiffs preventing the city from subsequently changing the boundaries if the city found it desirable to change them: Ayars vs. Wyoming Valley Hospital, 274 Pa. 309, 118 A. 426. Generally, equity will not take jurisdiction to enjoin the enforcement of an ordinance merely because it might be condemned as void; other circumstances bringing the case under some acknowledged head of equity jurisdiction must be shown. . . .' Later, in Wojnar v. Yale and Towne Manufacturing Company, 348 Pa. 595 (1944), Mr. Justice Allen M. Stearne held, at page 598, 'Where a statutory remedy is provided, as in this case, the directions of the statute must be strictly pursued. The statutory remedy or procedure is exclusive; Taylor v. Moore, supra; White v. Old York Road Country Club, 318 Pa. 346, 178 A. 3. The complainants may not seek a change in the classification of their area in this suit.' " See also

Wyszynski v. Philadelphia, 370 Pa. 632 (1952) ; Commonwealth ·v. DeBaldo, 169 Pa. Superior Ct. 363, 368 (1951).

In George B. Henne & Co., Inc., v. City of Philadelphia, et al., C. P. 3, March term, 1951, no. 1151, opinion filed March 17, 1952, this court considered the question of whether an action in equity could be maintained or whether the remedy was exclusively by way of appeal to the zoning board of adjustment. The late Judge Mawhinney stated on behalf of the court:

"We consider it clear that the plaintiff cannot by this action in equity bypass the administrative body designed precisely for the consideration of the matters complained of in this bill. Section 8 of the Zoning Act of May 6, 1929, P. L. 1551, 53 P. S. 3829, provides for the establishment of a board of adjustment by a city of the first class; it carefully and minutely provides for appeals to and from that body. It provides, inter alia, 'appeals to the board of adjustment may be taken by any person aggrieved, . . . by any decision of the administrative officer.' The Supreme Court has sufficiently indicated the exclusive character of this remedy.

"In Wojnar v. Yale and Towne Manufacturing Company, Inc., 348 Pa. 595 (1944) certain individual plaintiffs sought to enjoin the defendant from operating its industrial plant in such manner as to constitute a nuisance, which contention was factually rejected. The plaintiffs, however, also contended that the city ordinance zoning the defendant's area as industrial was arbitrary, discriminatory and unconstitutional. Mr. Justice Allen M. Stearne, speaking for the court, pertinently stated:

" 'Where, however, the party alleges that a zoning classification is arbitrary and unreasonable, the remedy provided by the Zoning Act of May 6, 1929,

. . . is an appeal from the decision of the Zoning Board of Adjustment to a court of record. . . . Where a statutory remedy is provided, as in this case, the statutory remedy or procedure is exclusive: Taylor v. Moore, (303 Pa. 469, 154 A. 799); White v. Old York Road Country Club, 318 Pa. 346, 178 A. 3. The complainants may not seek a change in the classification of their area in this suit.'

"In Hollearn v. Silverman, 338 Pa. 346 (1940) an equity action was instituted to restrain certain defendant officers of the City of Philadelphia from changing the classification of another defendant's property from residential to commercial on the ground that the ordinance was void. Mr. Justice Linn, speaking for the court, indicated that the bill might have been dismissed for want of jurisdiction as well as on the merits; he stated (page 350):

" 'Generally, equity will not take jurisdiction to enjoin the enforcement of an ordinance merely because it might be condemned as void; other circumstances bringing the case under some acknowledged head of equity jurisdiction must be shown: Ordinance by Borough of State College, 104 Pa. Superior Ct. 211; Soise Artesian Water Co. v. Boise City, 213 U. S. 276. See also Commonwealth v. De Baldo; 169 Pa. Superior Ct. 363 (1951); Vogt v. The Borough of Fort Vue, Pa. Superior Ct. (1952).' "

The clear purport of the decisions referred to above requires that the zoning board of adjustment have an opportunity to pass upon all acts of zoning administrative officials before they are considered by the courts. In this case the zoning officials are required to change the zoning map of the city to reflect the provisions of the amendatory ordinance or to issue a permit for any proposed uses under the amendatory ordinance. From either of these administrative actions plaintiff could appeal. Plaintiffs contend that the

appeal provisions of the Act of 1929 do not apply be-cause it provides only for appeals from decisions of administrative officers, that city council is not an administrative body. The right of appeal, however, is from the actions of administrative officials acting pursuant to the terms of such ordinance.

Secton 8 of the Act of May 6, 1929,* provides that: "The board of adjustment shall have the following powers: 1. To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this act, *or of any ordinance adopted pursuant thereto.*" (Italics supplied.) It is the duty of all administrative officials or bodies to consider and pass upon the constitutional propriety of their actions. The fact that, as a practical matter, it might be doubtful whether an administrative official or body would declare an ordinance to be invalid does not negative their duty to consider and pass upon such question.

Plaintiffs contend that a distinction is to be drawn because those cases wherein the party aggrieved is the owner of the property in question and cases wherein the parties aggrieved are adjoining neighbors. We are unable to find appellate authority for such distinction and are of the opinion that adjoining neighbors have undoubted status to object to any zoning procedure which affects them. In Commonwealth v. DeBaldo, 169 Pa. Superior Ct. 363, 368 (1951) the Superior Court stated:

" 'All questions involved in zoning ordinances, whether they relate to confiscation of property or to the effect of any of the provisions of an ordinance, must be heard and considered under the remedy pro-

---

* See Section 5-1006 of the Philadelphia Home Rule Charter and the annotations thereto recognizing and incorporating therein the procedures prescribed by the Act of 1929.

vided by the Zoning Acts of Assembly': Taylor v. Moore, 303 Pa. 469, 476, 154 A. 799. This is required by the act of March 21, 1806, P. L. 558, 4 Sm. L. 326, §13, 46 PS §156, which provides: 'In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect.' "

See Vogt v. Port Vue Borough, 170 Pa. Superior Ct. 526, 529 (1952), and see Taylor v. Moore, 303 Pa. 469 (1931), overruling Taylor v. Haverford Township, 299 Pa. 402 (1930). In Gratton et al. v. Conte et al., 364 Pa. 578 (1950), the question of propriety of the procedure in equity was not raised or considered.

*Order*

And now, January 26, 1955, defendants' preliminary objections to plaintiffs' complaint in equity are sustained and plaintiffs' complaint in equity is dismissed.